Brenton R. Babcock (SBN 162,120)
Brent.Babcock@wbd-us.com
WOMBLE BOND DICKINSON (US) LLP
3200 Park Center Drive, Suite 700
Costa Mesa, CA 92626
Telephone: (714) 557-3800
Facsimile: (714) 557-3347

John W. Cox, Ph.D. (*pro hac vice* application to be filed)
John.Cox@wbd-us.com
Shaton C. Menzie (*pro hac vice* application to be filed)
Shaton.Menzie@wbd-us.com
WOMBLE BOND DICKINSON (US) LLP
271 17th Street, NW, Suite 2400
Atlanta, GA 30363
Telephone: (404) 888-7000
Facsimile: (404) 879-2699

*Attorneys for Plaintiffs*
NUTRAMAX LABORATORIES, INC. and
NUTRAMAX LABORATORIES CONSUMER CARE, INC.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**SOUTHERN DIVISION**

| | |
|---|---|
| NUTRAMAX LABORATORIES, INC. and NUTRAMAX LABORATORIES CONSUMER CARE, INC, <br><br> Plaintiffs, <br><br> v. <br><br> BODY WISE INTERNATIONAL, INC., <br><br> Defendant. | Case No. <br><br> **COMPLAINT FOR PATENT INFRINGEMENT** <br><br> **JURY TRIAL DEMANDED** |

**NUTRAMAX LABORATORIES, INC. AND
NUTRAMAX LABORATORIES CONSUMER CARE, INC.
<u>COMPLAINT FOR PATENT INFRIGEMENT</u>**

Plaintiffs Nutramax Laboratories, Inc. ("Nutramax Labs") and Nutramax Laboratories Consumer Care, Inc. ("Nutramax Consumer Care") (collectively, "Nutramax" or "Plaintiff"), through its undersigned counsel, files this Complaint against Defendant Body Wise International, Inc. ("Body Wise" or "Defendant") on information and belief and alleges as follows:

**PLAINTIFFS NUTRAMAX**

1.  Plaintiff Nutramax Labs is a South Carolina corporation, with its principal place of business in Lancaster, South Carolina. Nutramax Labs is the assignee of the Asserted Patents. Nutramax Labs, along with its wholly-owned subsidiaries, has spent decades and millions of dollars researching, developing, marketing, distributing, and selling, high-quality and well-respected nutritional supplement products.

2.  Plaintiff Nutramax Consumer Care is a South Carolina corporation, with its principal place of business in Lancaster, South Carolina. Nutramax Consumer Care is an affiliate of Nutramax Labs and a licensee of the Asserted Patents. Nutramax Consumer Care, along with Nutramax Labs, has spent decades researching, developing, marketing, distributing, and selling, high-quality and well-respected nutritional supplement products.

WBD (US) 44990705v1

## **DEFENDANT BODY WISE**

3. Upon information and belief, Defendant Body Wise is a Delaware corporation, duly authorized to do business in the State of California, with its principal place of business at 17101 Armstrong Ave., Suite 101, Irvine, California, 92614, in this judicial district. Upon information and belief, Defendant Body Wise also conducts business at 2802 Dow Ave., Tustin, California, 92780, also in this judicial district.

## **JURISDICTION AND VENUE**

4. This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. § 1 *et seq.*, including §§ 271 and 281. This Court has original jurisdiction over this patent infringement action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5. This Court has personal jurisdiction over Defendant and venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(b) and (c) and 28 U.S.C. § 1400(b). Moreover, Defendant maintains its principal place of business, as well as its secondary place of business, in this judicial district. Therefore, Body Wise resides in this judicial district. Body Wise is responsible for acts of infringement occurring in the Central District of California, as alleged in this Complaint, and has delivered or caused to be delivered infringing products or services in the Central District of California.

# THE ASSERTED PATENTS

6. Nutramax Labs is the assignee of United States Patent Number 6,797,289 ("the '289 Patent"), titled "Use of Anabolic Agents, Anti-Catabolic Agents, Antioxidant Agents, and Analgesics for Protection, Treatment and Repair of Connective Tissues in Humans and Animals." The United States Patent and Trademark Office ("USPTO") duly and properly issued the '289 Patent on September 28, 2004. A true and correct copy of the '289 Patent is attached hereto as Exhibit A.

7. Nutramax Labs is the assignee of United States Patent Number 8,753,697 ("the '697 Patent"), titled "Use of Anabolic Agents, Anti-Catabolic Agents, Antioxidant Agents, and Analgesics for Protection, Treatment and Repair of Connective Tissues in Humans and Animals." The USPTO duly and properly issued the '697 Patent on June 17, 2014. A true and correct copy of the '697 Patent is attached hereto as Exhibit B.

8. Nutramax Labs is the owner of all right, title, and interest in the '289 Patent and the '697 Patent (collectively, "the Asserted Patents"), including all rights to pursue and collect damages for past, present, and future infringement of the Asserted Patents.

9. Nutramax Consumer Care is a licensee of the Asserted Patents and has rights to pursue and collect damages for past, present, and future infringement of the Asserted Patents.

## NATURE OF THE ACTION

10. Since 1992, Nutramax has been developing high-quality and well-respected nutritional supplement products for people and their pets.

11. During this time, Nutramax has been a leader in producing products that contain, among other ingredients, combinations of avocado/soybean unsaponifiables ("ASU"), glucosamine, and chondroitin sulfate. The combination of ASU, glucosamine, and chondroitin sulfate are key ingredients that may be used in the management of joint health. Nutramax has dedicated years of research and invested millions of dollars to conduct research demonstrating that that the combination of these ingredients inhibits mediators involved in cartilage breakdown, and by doing so, helps to protect joint health.

12. Nutramax Labs has protected its innovative solutions in the joint health field by obtaining several patents from the USPTO. In this action, Nutramax asserts two of those patents, namely, the '289 Patent and the '697 Patent.

13. Body Wise now competes directly with Nutramax, supplying products including the combination of ASU, glucosamine, and chondroitin

-4-

sulfate to customers for the improvement of joint health, thereby diverting sales to Body Wise that Nutramax would otherwise have made. Every such sale by Body Wise is a direct loss to Nutramax of that sale and the consequent benefits and profits.

14. As alleged in more detail below, Body Wise is directly infringing claims of the Asserted Patents by making, using, offering for sale, and/or selling products including the combination of ASU, glucosamine, and chondroitin sulfate in the United States, including in this judicial district. Body Wise is directly infringing claims of the Asserted Patents at least by selling or offering to sell Nutramax's patented compositions in the United States, including in this judicial district. Nutramax has filed this action to enjoin Body Wise's infringement and to obtain fair compensation for Body Wise's violations of the Patent Laws of the United States.

15. In addition to directly infringing the Asserted Patents pursuant to 35 U.S.C. § 271(a), either literally or under the doctrine of equivalents, or both, Body Wise indirectly infringes at least Claim 21 of the '697 Patent by instructing, directing, and/or requiring others, including its customers, purchasers, users, and developers, to perform all or some of the steps of the claimed method, either literally or under the doctrine of equivalents, or both.

## FACTUAL ALLEGATIONS

16. Defendant Body Wise offers for sale its Joint Complete product in the United States, including in this judicial district, directly at least through its website http://bodywise.com and indirectly at least through Amazon.com. A true and correct copy of http://bodywise.com/anti-aging/ is attached here as Exhibit C and a true and correct copy of the relevant page from Amazon (https://www.amazon.com/Complete-Supports-Flexibility-Health-Relieve/dp/B07BNXJWKK/ref=sr_1_50_a_it?ie=UTF8&qid=1542392379&sr=8-50&keywords=asu+supplement) is attached here as Exhibit D.

17. Body Wise advertises that the formulation for Joint Complete uses "nutritional building blocks for joints and connective tissue that also help lubricate and cushion joints" and that the formulation is "clinically proven to benefit joint health." *See* Exhibit C; *see also* Exhibit D.

18. Body Wise's label and advertising for Joint Complete represent that Joint Complete comprises, among other things, an amino sugar, glycosaminoglycans, and ASU.

WBD (US) 44990705v1

| SUPPLEMENT FACTS | | |
|---|---|---|
| Serving Size 3 Tablets | | |
| Servings Per Container 30 | | |
| | Amount per serving | %DV |
| Potassium (from Glucosamine Sulfate Potassium Chloride) | 175 mg | 5% |
| Glucosamine Sulfate | 1500 mg | † |
| Methylsulfonylmethane (MSM) | 500 mg | † |
| AvoVida™ (Avocado/Soy Unsaponifiables) | 300 mg | † |
| Chondroitin Sulfate USP | 150 mg | † |
| Bromelain (2400 GDU/GM) | 100 mg | † |
| Boswellin® (*Boswellia serrata* Resin Extract, 20% Boswellic Acid) | 75 mg | † |
| L-Proline USP/FCC | 50 mg | † |
| White Willow Bark Extract (15% Salicin) | 25 mg | † |
| Hyaluronic Acid | 15 mg | † |
| † Daily Value not established. | | |

*See* Exhibit E.

19. Body Wise's label and advertising for Joint Complete further represent that the product comprises, among other things, 1500 mg of glucosamine sulfate (an amino sugar), 150 mg of chondroitin sulfate (a glycosaminoglycan), 15 mg of hyaluronic acid (a glycosaminoglycan), and 300 mg of ASU. *Id.*

20. Body Wise has sold and/or offered for sale, and is selling and/or offering for sale, products that comprise, among other things, an amino sugar, a glycosaminoglycan, glucosamine sulfate, chondroitin sulfate, hyaluronic acid, and ASU.

21.    Upon information and belief, Body Wise's Joint Complete products comprise, among other things, an amino sugar, a glycosaminoglycan, and ASU. Upon information and belief, Defendant's Joint Complete products comprise, among other things, glucosamine sulfate, chondroitin sulfate, hyaluronic acid, and ASU.

22.    Upon information and belief, Body Wise advertises Joint Complete as comprising, and Joint Complete does comprise, a composition for the treatment, repair, or prevention of damage to connective tissue.

23.    Upon information and belief, Body Wise advertises Joint Complete as comprising, and Joint Complete does comprise, a synergistic combination of an amino sugar and ASU.

24.    Upon information and belief, Body Wise advertises Joint Complete as comprising, and Joint Complete does comprise, ASU and a glycosaminoglycan, wherein the ASU and the glycosaminoglycan are present in a synergistically effectible amount.

25.    Upon information and belief, the combination of glucosamine sulfate and ASU in Joint Complete falls within one or more claims of the '289 Patent.

WBD (US) 44990705v1

26. Upon information and belief, the combination of chondroitin sulfate and ASU in Joint Complete falls within one or more claims of the '697 Patent.

27. Upon information and belief, the combination of hyaluronic acid and ASU in Joint Complete falls within one or more claims of the '697 Patent.

28. Nutramax provided Body Wise actual notice of its infringement of the '289 Patent and the '697 Patent by letter dated September 10, 2018. *See* Exhibit F. Body Wise has nonetheless continued to infringe the Asserted Patents. Nutramax again provided Body Wise actual notice of its infringement of the '289 Patent and the '697 Patent by letter dated October 4, 2018. *See* Exhibit G. Body Wise has continued to infringe the Asserted Patents.

## FIRST CLAIM FOR DIRECT PATENT INFRINGEMENT
### (The '289 Patent)

29. Plaintiffs repeat, reallege, and incorporate by reference paragraphs 1-28 above as if fully set forth herein.

30. Defendant infringes one or more claims of the '289 Patent by offering for sale, selling, and/or distributing its Joint Complete product, which is advertised as comprising, and does comprise, a combination of an amino sugar and ASU, a combination that falls within one or more claims of the '289 Patent.

31. For example, Claim 1 of the '289 patent recites:

> 1. A composition for the treatment, repair or prevention of damage to connective tissue comprising: a synergistic combination of an aminosugar and avocado/soybean unsaponifiables.

32. Upon information and belief, as set forth above, Defendant's Joint Complete product is a composition that includes a synergistic combination of an aminosugar and ASU.

33. Defendant has no right or license to offer for sale, sell, or distribute a product that infringes the '289 Patent, and Plaintiffs have not consented to Defendant's infringement.

34. Plaintiffs have been damaged and irreparably harmed by Defendant's infringement of the '289 Patent. Plaintiffs will continue to suffer damages and irreparable harm unless this Court enjoins Defendant from further infringement.

35. Plaintiffs are informed and believe, and therefore allege, that Defendant has willfully infringed and continues to willfully infringe the '289 Patent and is thereby entitled to increased damages and attorneys' fees. Plaintiffs are also entitled to injunctive relief barring Defendant from further infringing the '289 Patent.

## SECOND CLAIM FOR DIRECT PATENT INFRINGEMENT
### (The '697 Patent)

36. Plaintiffs repeat, reallege, and incorporate by reference paragraphs 1-35 above as if fully set forth herein.

37. Defendant infringes one or more claims of the '697 Patent by offering for sale, selling, and/or distributing its Joint Complete product, which is advertised as comprising, and does comprise, a combination of glycosaminoglycan and ASU, a combination that falls within one or more claims of the '697 Patent.

38. For example, Claim 1 of the '697 patent recites:

> 1. A composition comprising avocado/soybean unsaponifiables (ASU) and a glycosaminoglycan, wherein the ASU and the glycosaminoglycan are present in a synergistically effective amounts.

39. Upon information and belief, as set forth above, Defendant's Joint Complete product is a composition that includes ASU and a glycosaminoglycan, wherein the ASU and the glycosaminoglycan are present in synergistically effective amounts.

40. Defendant has no right or license to offer for sale, sell, or distribute a product that infringes the '697 Patent, and Plaintiffs have not consented to Defendant's infringement.

-11-

41. Plaintiffs have been damaged and irreparably harmed by Defendant's infringement of the '697 Patent. Plaintiffs will continue to suffer damages and irreparable harm unless this Court enjoins Defendant from further infringement.

42. Plaintiffs are informed and believe, and therefore allege, that Defendant has willfully infringed and continues to willfully infringe the '697 Patent and is thereby entitled to increased damages and attorneys' fees. Plaintiffs are also entitled to injunctive relief barring Defendant from further infringing the '697 Patent.

### THIRD CLAIM FOR DIRECT PATENT INFRINGEMENT
### (Claim 21 of The '697 Patent)

43. Plaintiffs repeat, reallege, and incorporate by reference paragraphs 1-42 above as if fully set forth herein.

44. Defendant has induced and continues to induce infringement of at least Claim 21 of the '697 Patent under 35 U.S.C. § 271(b).

45. In addition to directly infringing at least one claim of the '697 Patent, Defendant indirectly infringes at least Claim 21 of the '697 Patent pursuant to 35 U.S.C. § 271(b) by instructing, directing and/or requiring others, including customers, purchasers, users and developers, to perform some of the steps of the method claim, either literally or under the doctrine of equivalents, of the '697 Patent through the sales of its Joint Complete product, where all the

-12-

steps of the method claims are performed by either Defendant or its customers, purchasers, users and developers, or some combination thereof. Defendant knew or was willfully blind to the fact that it was inducing others, including customers, purchasers, users and developers, to infringe by practicing, either themselves or in conjunction with Defendant, one or more method claims of the '697 Patent, including Claim 21, through sales of its Joint Complete product.

46. For example, Claim 21 of the '697 patent recites:

> 21. A method of treating or repairing damage to connective tissue in humans and animals comprising administering a composition according to claim 1 to a human or animal in need thereof.

47. Defendant knowingly and actively aided and abetted the direct infringement of the '697 Patent by instructing and encouraging its customers, purchasers, users, and developers to use its Joint Complete product. Such instructions and encouragement included, but are not limited to, advising third parties to use the Joint Complete product in an infringing manner, providing a mechanism through which third parties may infringe the '697 Patent, by advertising and promoting the use of the Joint Complete product in an infringing manner, and distributing guidelines and instructions to third parties on how to use the Joint Complete product in an infringing manner.

48. Body Wise updates and maintain a website with its advertisements which cover in-depth aspects of purchasing and uses for Defendant's offerings.

-13-

*See, e.g.,* Exhibit C.  Body Wise also maintains a third-party website with its advertisements which cover in-depth aspect for purchasing and uses for Defendant's offerings.  *See, e.g.*, Exhibit D.  Through its websites, Body Wise advertises and promotes the use of the Joint Complete product in an infringing manner.

## JURY DEMAND

49.   Plaintiffs hereby request a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court:

A.   Enter a judgment that Defendant has infringed and is infringing one or more claims of the '289 Patent and the '697 Patent;

B.   Enter a judgment that Defendant has induced infringement and is inducing infringing of one or more claims of the '697 Patent;

C.   Award Plaintiffs damages against Defendant pursuant to 35 U.S.C. § 284 that are adequate to compensate Plaintiffs for Defendant's infringement of the Asserted Patents, but in no event less than a reasonable royalty for the use made of the claimed inventions, together with interest and costs;

D. Permanently enjoin, under 35 U.S.C. § 283, Defendant, its officers, agents, servants, employees, attorneys, successors, and assigns and all other persons in active concert or participation with any of them from infringing the Asserted Patents;

E. Permanently enjoin, under 35 U.S.C. § 283, Defendant, its officers, agents, servants, employees, attorneys, successors, and assigns and all other persons in active concert or participation with any of them from offering for sale, selling, and/or distributing the product Joint Complete within the United States;

F. Declare that Defendant's infringement was and is willful from the time it became aware of the infringing nature of its product and awarding treble damages for the period of such willful infringement of the Asserted Patents, pursuant to 35 U.S.C. § 284;

G. Declare this an exceptional case within the meaning of 35 U.S.C. § 285 and award Plaintiffs their reasonable attorneys' fees, costs, and expenses;

H. An accounting of all infringing sales and revenues, together with post judgment interest and prejudgment interest from the first date of infringement, of the Asserted Patents; and

I. Grant such other relief as the Court may deem just and proper.

WBD (US) 44990705v1

Dated: November 20, 2018

Respectfully submitted,

By: */s/ Brenton R. Babcock*
Brenton R. Babcock
Brent.Babcock@wbd-us.com
WOMBLE BOND DICKINSON (US) LLP
3200 Park Center Drive, Suite 700
Costa Mesa, CA 92626
(714) 557-3800 (telephone)
(714) 557-3347 (facsimile)

John W. Cox, Ph.D.
(*pro hac vice* application to be filed)
John.Cox@wbd-us.com
Shaton C. Menzie
(*pro hac vice* application to be filed)
Shaton.Menzie@wbd-us.com
WOMBLE BOND DICKINSON (US) LLP
271 17th Street, NW, Suite 2400
Atlanta, GA 30363
(404) 888-7000 (telephone)
(404) 879-2699 (facsimile)

*Attorneys for Plaintiff*
Nutramax Laboratories, Inc.

WBD (US) 44990705v1