1   Brenton R. Babcock (SBN 162,120)
    Brent.Babcock@wbd-us.com
2   WOMBLE BOND DICKINSON (US) LLP
    3200 Park Center Drive, Suite 700
3   Costa Mesa, CA 92626
    Telephone: (714) 557-3800; Facsimile: (714) 557-3347
4
    John W. Cox, Ph.D. (*pro hac vice*)
5   John.Cox@wbd-us.com
    WOMBLE BOND DICKINSON (US) LLP
6   271 17th Street, NW, Suite 2400
    Atlanta, GA 30363
7   Telephone: (404) 888-7000; Facsimile: (404) 879-2699

8   *Attorneys for Plaintiffs*
    NUTRAMAX LABORATORIES, INC. and
9   NUTRAMAX LABORATORIES CONSUMER CARE, INC.

10          UNITED STATES DISTRICT COURT
            CENTRAL DISTRICT OF CALIFORNIA
11               SOUTHERN DIVISION

12  NUTRAMAX LABORATORIES,            Case No. 8:18-cv-02076
    INC. and
13  NUTRAMAX LABORATORIES            **MEMORANDUM IN SUPPORT**
    CONSUMER CARE, INC.,             **OF PLAINTIFFS' MOTION FOR**
14                                   **DEFAULT JUDGMENT AGAINST**
                Plaintiffs,          **DEFENDANT BODY WISE**
15                                   **INTERNATIONAL, INC.**
         v.
16                                   Concurrently filed with:
    BODY WISE INTERNATIONAL,         1. Notice of Motion and Motion for
17  INC.,                               Default Judgment;
                                     2. Declaration of John W. Cox
18              Defendant.           3. Declaration of Grace A. Cornblatt
                                     4. Proposed Order
19
                                     Judge: Hon. David O. Carter
20                                   Motion Date: March 4, 2019

21

22

# TABLE OF CONTENTS

I.   STATEMENT OF FACTS .......................................................................... 1

    A.   Nutramax's Patents and Body Wise's Infringement ....................... 1

    B.   This Action and Body Wise's Default ............................................. 2

II.  NUTRAMAX HAS SATISFIED THE PROCEDURAL REQUIREMENTS FOR ENTERING DEFAULT JUDGMENT ........... 4

    A.   This Court has Jurisdiction and Venue is Proper ........................... 4

    B.   Nutramax Properly Served Body Wise ........................................... 4

    C.   Nutramax Has Satisfied its Rule 55 Requirements ......................... 5

III. IT IS PROPER FOR THIS COURT TO ENTER DEFAULT JUDGMENT AGAINST BODY WISE ................................................. 5

    A.   Failure to Order Default Judgment Against Body Wise Would Result in Great Prejudice to Nutramax ............................... 6

    B.   Nutramax's Complaint States Valid Claims ................................... 8

        1.   Counts 1 and 2: Direct Patent Infringement ........................ 9

        2.   Count 3: Indirect Patent Infringement ............................... 10

    C.   The Sum of Money at Stake is Not Disproportionately Large ..... 11

    D.   The Material Facts Are Not Disputed ........................................... 13

    E.   Body Wise's Default Was Not Due to Excusable Neglect ........... 14

    F.   The Policy Favoring Decision on the Merits Supports Judgment .................................................................................... 15

IV.  NUTRAMAX IS ENTITLED TO THE RELIEF SOUGHT IN THE COMPLAINT FOR PATENT INFRINGEMENT ........................ 15

    A.   Nutramax is Entitled to Damages Pursuant to 35 U.S.C. § 284 ............................................................................................ 16

    B.   Nutramax is Entitled to a Permanent Injunction .......................... 17

-i-

1.   Nutramax Has Suffered and Will Continue to Suffer Irreparable Harm in the Absence of a Permanent Injunction ............................................................................ 18

2.   Nutramax Has No Adequate Legal Remedy........................ 20

3.   Balance of Hardships ............................................................ 21

4.   Benefit to the Public Interest................................................ 22

C.   Attorneys' Fees and Costs............................................................ 23

V.   CONCLUSION............................................................................................ 26

-ii-

# <u>TABLE OF AUTHORITIES</u>

**Cases**

*Abbott Labs. v. Sandoz, Inc.*,
    544 F.3d 1341 (Fed. Cir. 2008) ................................................................ 24

*Amini Innovation Corp. v. KTY Int'l Mktg.*,
    768 F. Supp. 2d 1049 (C.D. Cal. 2011)................................................... 28

*Bic Corp. v. First Prominence Co.*,
    No. 00CIV.7155(SHS)(RLE), 2001 WL 1597983 (S.D.N.Y. Dec.
    10, 2001) ................................................................................................... 32

*Black Rapid, Inc. v. Millionway Int'l, Inc.*,
    No. 2:13-cv-01607-SJO-SP, Dkt. 29 (C.D. Cal. June 10, 2013)............. 21

*Broadcom Corp. v. Qualcomm Inc.*,
    543 F.3d 683 (Fed. Cir. 2008) ................................................................ 28

*California Innovations, Inc. v. Access Bag N'Pack, Inc.*,
    2007 WL 963307 (W.D.N.Y. Mar. 30, 2007) ......................................... 20

*Cambrian Sci. Corp. v. Cox Comm's, Inc.*,
    79 F. Supp. 3d 1111 (C.D. Cal. 2015)..................................................... 29

*Canon, Inc.* v. *GCC Int'I Ltd.*,
    263 Fed. Appx. 57 (Fed. Cir. Jan. 25, 2008) .......................................... 26

*Ceiva Logic Inc. v. Frame Media Inc.*,
    No. SACV 08-00636-JVS, 2014 WL 7338840 (C.D. Cal. Dec. 19,
    2014) ........................................................................................................ 30

*Celsis In Vitro, Inc. v. CellzDirect, Inc.*,
    664 F.3d 922 (Fed. Cir. 2012) ................................................................ 23

*Craigslist, Inc. v. Naturemarket, Inc.*, 694 F. Supp. 2d 1039, 1061 (N.D.
    Cal. 2010) ................................................................................................. 18

*Deckers Outdoor Corp.* v. *Ozwear Connection Pty, Ltd.*,
    No. CV 14-2307 RSWL FFMX, 2014 WL 4679001 (C.D. Cal.
    Sept. 18, 2014)......................................................................................... 27

*Derek Andrew, Inc. v. Poof Apparel Corp.*,
    528 F.3d 696 (9th Cir. 2008) ............................................................. 31, 32

*DSU Med. Corp. v. JMS Co., Ltd.*,
    471 F.3d 1293 (Fed. Cir. 2006) ............................................................... 12

*eBay Inc. v. MercExchange, LLC*,
    547 U.S. 388 (2006) .................................................................................. 22

*Eitel v. McCool*,
    782 F.2d 1470 (9th Cir. 1986) .............. 6, 7, 10, 12, 13, 14, 15, 16, 17, 18

*Forever Foundations & Frame, LLC v. Optional Prods. LLC*,
    No. SA CV 13-1779-DOC (RNBx), 2014 WL 12585800 (C.D.
    Cal. Dec. 19, 2014) ............................................................................ 30, 31

*Funai Elec. Co., Ltd. v. Daewoo Elecs. Corp.*,
    593 F. Supp. 2d 1088 (N.D. Cal. 2009) .................................................. 30

*Gojo Indus., Inc. v. Man Can, LLC*,
    2013 WL 5234259 (N.D. Ohio, 2013) .................................................... 20

*Hand & Nail Harmony, Inc. v. ABC Nail & Spa Prods.*,
    No. SACV 16-0969-DOC, 2017 WL 2936215 (C.D. Cal. Apr. 19,
    2017) .................................................................................................. 7, 10

*HeadBlade, Inc. v. Prods. Unlimited, LLC*,
    No. CV 1502611 SJOVBKX, 2016 WL 6237900 (C.D. Cal. May
    5, 2016) ............................................................................................ 11, 12

*Herb Reed Enters., LLC v. Florida Entm't Mgmt., Inc.*,
    736 F.3d 1239 (9th Cir. 2013) ................................................................ 24

*Hybritech Inc. v. Abbott Labs.*,
    849 F.2d 1446 (Fed. Cir. 1988) .............................................................. 22

*i4i L.P. v. Microsoft Corp.*,
    670 F. Supp. 2d 568 (E.D. Tex. 2009), *aff'd in part and modified
    in part*, 598 F.3d 831 (Fed. Cir. 2010) ........................................ 23, 27, 28

*Kerr Corp. v. Tri Dental, Inc.*,
    No. SACV 12-0891 DOC, 2013 WL 990532 (C.D. Cal. Mar. 11,
    2013) (Carter, J.)........................................................................ 7, 8, 16, 18

*Landstar Ranger, Inc. v. Parth Enters., Inc.*,
     725 F. Supp. 2d 916 (C.D. Cal. 2010) ........................................... 9, 16, 19

*McZeal v. Sprint Nextel Corp.*,
     501 F.3d 1354 (Fed. Cir. 2007) ............................................... 11

*Metro-Goldwyn-Mayer Studios, Inc. v. Grokster*,
     518 F. Supp. 2d 1197 (C.D. Cal. 2007) ................................... 25

*Nat'l Photo Grp., LLC v. Pier Corp.*,
     No. SACV 13-1165-DOC (JPRx), 2014 WL 12576641 (C.D. Cal.
     Mar. 10, 2014) ............................................ 6, 9, 16, 17, 18, 19

*Octane Fitness, LLC v. ICON Health & Fitness, Inc.*,
     572 U.S. 545 (2014) .................................................. 29

*Parker West Int'l, LLC v. Clean Up America, Inc.*,
     No. C-08-2810 EMC, 2009 WL 2916664 (N.D. Cal. Sept. 1, 2009) ...... 31

*PepsiCo, Inc. v. California Sec. Cans*,
     238 F. Supp. 2d 1172 (C.D. Cal. 2002) .................................. 14

*Philip Morris USA, Inc. v. Castworld Prods., Inc.*,
     219 F.R.D. 494 (C.D. Cal. 2003) ............................................. 8

*Robert Bosch LLC v. Pylon Mfg. Corp.*,
     659 F.3d 1142 (Fed. Cir. 2011) ....................................... 22, 25

*Rubbermaid Commercial Prods., LLC v. Trust Commercial Prods.*,
     No. 2:13-cv-02144-GMN-GWF, 2014 WL 4987878 (D. Nev. Aug.
     22, 2014) ............................................................ 31

*S.E.C. v. Worthen*,
     98 F.3d 480 (9th Cir. 1996) ...................................... 21

*Sigma Enters., LLC v. Alluring Deals, LLC*,
     No. SA CV 17-1074-DOC (JCGx), D.I. 42 at 17-18 (C.D. Cal.
     Nov. 15, 2017) ........................................................ 31

*Sony Music Entm't Inc. v. Elias*,
     No. CV03–6387DT(RCX), 2004 WL 141959 (C.D. Cal. Jan. 20,
     2004) ................................................................ 26

*Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.,*
    240 F.3d 832 (9th Cir. 2001) .................................................................... 24

*Sunworld Indus. Co. Ltd. v. Dye Precision, Inc.,*
    No. 2:14-cv-07654-RSWL-AJW, Dkt. 19 (C.D. Cal. June 15,
    2015) ....................................................................................................... 20

*TeleVideo Sys., Inc. v. Heidenthal,*
    826 F.2d 915 (9th Cir. 1989) ............................................................. 7, 11

*Walters v. Statewide Concrete Barrier, Inc.,*
    No. C 04–2559 JSW, 2006 WL 2527776 (N.D. Cal. Aug. 30,
    2006) ....................................................................................................... 14

*Warner Bros. Entm't Inc. v. Caridi,*
    346 F. Supp. 2d 1068 (C.D. Cal. 2004) .................................................. 18

*Warner Bros. Home Entm't, Inc. v. Slaughter,*
    No. CV 13-0892-DOC, 2013 WL 5890682 (C.D. Cal. Oct. 30,
    2013) ................................................................................................... 8, 16

*Wetzel's Pretzels, LLC v. Johnson,*
    797 F. Supp. 2d 1020 (C.D. Cal. 2011) .................................................. 25

*Williams-Sonoma, Inc. v. Friendfinder, Inc.,*
    2007 WL 4973848 (N.D. Cal., 2007) ..................................................... 20

**Statutes**

28 U.S.C. § 1331 ................................................................................................ 4

28 U.S.C. § 1338(a) ........................................................................................... 4

28 U.S.C. § 1400(b) ........................................................................................... 4

28 U.S.C. §§ 1391(b) & (c) ................................................................................ 4

35 U.S.C. § 271(b) ........................................................................................... 12

35 U.S.C. § 283 ............................................................................................... 21

35 U.S.C. § 284 ......................................................................................... 19, 33

35 U.S.C. § 285 ......................................................................................... 29, 32

-iv-

35 U.S.C. §§ 284-85............................................................................... 14

**Rules**

Fed. R. Civ. P. 4(h)(1)(B) ....................................................................... 5

Fed. R. Civ. P. 54(d)(1)........................................................................... 33

Fed. R. Civ. P. 55 ................................................................................ 5, 6

Fed. R. Civ. P. 8(b)(6) .............................................................................. 7

Local Rule 55-1 ......................................................................................... 5

Local Rule 55-3 ....................................................................................... 33

Rule 54(c).................................................................................................. 5

## <u>MEMORANDUM OF POINTS AND AUTHORITIES</u>

Plaintiffs Nutramax Laboratories, Inc. ("Nutramax Labs") and Nutramax Laboratories Consumer Care, Inc. ("Nutramax Consumer Care") (collectively, "Nutramax") bring this motion for a default judgment against Defendant Body Wise International, Inc. ("Body Wise"), after Body Wise failed to appear in this action and respond or otherwise defend against the Complaint in this action entirely.  The Clerk entered Body Wise's Default on January 2, 2019.  D.I. 17.

## I.   STATEMENT OF FACTS

Since 1992, Nutramax has been developing high-quality and well-respected nutritional supplement products for people and their pets.  D.I. 1 ¶ 10. Nutramax has dedicated years of research and invested millions of dollars researching, developing, marketing, distributing, and selling high-quality and well-respected nutritional supplement products.  *Id.* ¶¶ 1-2.

Body Wise is a Delaware corporation, duly authorized to do business in the State of California, with its principal place of business in Irvine, California and a secondary place of business in Tustin, California, and is a direct competitor with Nutramax.  *Id.* ¶¶ 3, 13.

### A.   Nutramax's Patents and Body Wise's Infringement

Nutramax has been a leader in producing products that contain, among other ingredients, combinations of avocado/soybean unsaponifiables ("ASU"), glucosamine, and chondroitrin sulfate.   These combinations comprise key

ingredients that may be used in the management of joint health. Nutramax has dedicated years of research and invested millions of dollars to conduct research demonstrating that that the combination of these ingredients inhibits mediators involved in cartilage breakdown, and by doing so, helps to protect joint health. *Id.* ¶ 11. Nutramax has protected its innovative solutions in the joint health field by obtaining several patents from the United States Patent and Trademark Office ("PTO"). *Id.* ¶ 12. Nutramax Labs is the owner of United States Patent Nos. 6,797,289 ("the '289 Patent") and 8,753,697 ("the '697 Patent") (collectively, the "Patents-in-Suit"), which are directed to and cover the "Use of Anabolic Agents, Anti-Catabolic Agents, Antioxidant Agents, and Analgesics for Protection, Treatment and Repair of Connective Tissues in Humans and Animals." *Id.* ¶¶ 6-7.

Body Wise competes directly with Nutramax, supplying products to customers for the improvement of joint health. Body Wise makes, uses, offers for sale, and/or sells products including the combination of ASU, glucosamine, and chondroitin sulfate in the United States (including, at least, Body Wise's Joint Complete product), and therefore Body Wise infringes the Patents-in-Suit. *Id.* ¶¶ 14, 16-28.

## B.    This Action and Body Wise's Default

Nutramax provided Body Wise with actual notice of its infringement of the Patents-in-Suit by letters dated September 10, 2018 and October 4, 2018.

*See* D.I 1-6; D.I. 1-7.  Body Wise nonetheless continued to infringe the Patents-in-Suit, necessitating Nutramax's filing of the present action to enforce its intellectual property rights.

On November 20, 2018, Nutramax filed this action.  D.I. 1.  Promptly thereafter, on November 29, 2018, Nutramax served Body Wise with the Complaint and the accompanying Court-issued Summons.  *See* D.I. 16-1 ¶¶ 2, 4; *see also* D.I. 14.  The Chief Financial Officer ("CFO") of Body Wise then contacted Nutramax's counsel to discuss potential resolution of the action.  D.I. 18 at 1:14-15.  Between November 30, 2018 and December 18, 2018, the parties communicated on a few occasions and discussed whether a 21-day extension for Body Wise to respond to the Complaint might allow the parties to reach an amicable settlement of the dispute.  *See id.* at 1:15-19; *see also* Declaration of John W. Cox ("Cox Dec.") ¶¶ 5-7.  In that regard, on December 13, 2018, Nutramax prepared a draft of a 21-day extension of time, and provided that draft extension to Body Wise.  Cox Dec. ¶ 8-9.  Body Wise did not respond to Nutramax's overture, and has since ceased communicating with Nutramax altogether.  *Id.* ¶¶ 10-11.

Body Wise has failed to appear, answer, or otherwise respond to the Complaint, and the time for Body Wise to do so expired on December 20, 2018.  D.I. 16-1 ¶ 5.  Body Wise is not an infant, an incompetent person, or a person in

the military service within the meaning of the Servicemembers Civil Relief Act. *Id.* ¶ 6.  Nutramax filed an Application to the Clerk for Entry of Default against Body Wise on December 31, 2018 (D.I. 16), and the Court Clerk entered the default of Body Wise on January 2, 2019.  D.I. 17.

## II.   NUTRAMAX HAS SATISFIED THE PROCEDURAL REQUIREMENTS FOR ENTERING DEFAULT JUDGMENT

### A.   This Court has Jurisdiction and Venue is Proper

This Court has subject-matter jurisdiction over the federal patent claims. 28 U.S.C. §§ 1331 and 1338(a).  The Court has personal jurisdiction over Defendant Body Wise and venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) & (c) and 28 U.S.C. § 1400(b) because Body Wise resides in this district and has an established place of business in this district, and, upon information and belief, Body Wise committed the acts that form the basis of the Complaint in this District.  D.I. 1 ¶¶ 3, 5.

### B.   Nutramax Properly Served Body Wise

Body Wise was properly served with the Complaint and the accompanying Court-issued Summons on November 29, 2018, but has failed to answer or otherwise respond.  *See* D.I. 16-1 ¶¶ 2, 4; *see also* D.I. 14.  Body Wise was properly served through personal service on its agent. Fed. R. Civ. P. 4(h)(1)(B); *see also* D.I. 14.  Body wise was also served with Nutramax's

-4-

Application to the Clerk for Entry of Default, as well as the Clerk's Entry of Default. Cox Dec. ¶ 10.

### C.     Nutramax Has Satisfied its Rule 55 Requirements

Nutramax has satisfied the procedural requirements for default judgment provided in Federal Rule of Civil Procedure 55 and Local Rule 55-1.   In particular, pursuant to Rule 55(a), Nutramax obtained an entry of default against Body Wise on January 2, 2019.  D.I. 17.  Moreover, pursuant to Local Rule 55-1, Nutramax submitted a signed declaration indicating that Body Wise defaulted on the Complaint by failing to respond or otherwise defend against it within the time permitted by law, that Body Wise is not an infant or incompetent person, and that the Servicemembers Civil Relief Act does not apply.  D.I. 16-1 ¶¶ 4-6.  Finally, Nutramax's motion complies with Rule 54(c) because it does not seek relief that differs in kind, or exceeds in amount, from what was demanded in the Complaint.

## III.    IT IS PROPER FOR THIS COURT TO ENTER DEFAULT JUDGMENT AGAINST BODY WISE

The Court may, in its discretion, enter default against a party who fails to plead or otherwise defend a case.  *See* Fed. R. Civ. P. 55.  In determining whether to exercise discretion to award a default judgment, the Ninth Circuit has articulated the following factors to be considered by the Court:

(1) the possibility of prejudice to the plaintiff; (2) the merits of plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986).  In analyzing these factors, "the factual allegations of the complaint, except those relating to damages, [are] taken as true."  *Nat'l Photo Grp., LLC v. Pier Corp.*, No. SACV 13-1165-DOC (JPRx), 2014 WL 12576641, at *1 (C.D. Cal. Mar. 10, 2014) (Carter, J) (citing Fed. R. Civ. P. 8(b)(6) and *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1989).  Here, the *Eitel* factors strongly weigh in favor of Nutramax, and this Court should enter default judgment against Body Wise accordingly.

### A.    Failure to Order Default Judgment Against Body Wise Would Result in Great Prejudice to Nutramax
(*Eitel* Factor 1)

Nutramax will be greatly prejudiced if default judgment is not entered against Body Wise.  Under the first *Eitel* factor, the Court considers the possibility of prejudice to the plaintiff if default judgment were not entered. *See Hand & Nail Harmony, Inc. v. ABC Nail & Spa Prods.*, No. SACV 16-

0969-DOC, 2017 WL 2936215, at *8 (C.D. Cal. Apr. 19, 2017) (Carter, J); *Kerr Corp. v. Tri Dental, Inc.*, No. SACV 12-0891 DOC, 2013 WL 990532, at *3 (C.D. Cal. Mar. 11, 2013) (Carter, J.).   "[P]ast misconduct and current failure to litigate [a] case indicate that [defendants are] highly unlikely to correct past misbehavior or otherwise compensate [the plaintiff] without a default judgment by the Court." *Kerr Corp.*, 2013 WL 990532, at *3.  In such a situation, the "[p]laintiff will likely suffer great prejudice through the loss of sales and diminution of goodwill if default is not entered." *Id.* (quoting *Philip Morris USA, Inc. v. Castworld Prods., Inc.*, 219 F.R.D. 494, 499 (C.D. Cal. 2003)).   This factor also weighs in favor of default judgment where the "[p]laintiff has no other means to collect compensation from the [d]efendant, leaving [p]laintiff without a proper remedy absent default judgment." *Warner Bros. Home Entm't, Inc. v. Slaughter*, No. CV 13-0892-DOC, 2013 WL 5890682, at *3 (C.D. Cal. Oct. 30, 2013) (Carter, J.) (citations omitted); *Nat'l Photo*, 2014 WL 12576641, at *2 (citing *Landstar Ranger, Inc. v. Parth Enters., Inc.*, 725 F. Supp. 2d 916, 920 (C.D. Cal. 2010)).

All of the above circumstances exist in this case.  Body Wise ignored repeated warnings that it is violating Nutramax's rights by continuing to sell Body Wise's infringing products.  Prior to filing suit, Nutramax attempted to address Body Wise's infringement through two cease-and-desist letters, which

Body Wise ignored.  D.I. 1 ¶ 28.  Even after filing suit, Body Wise continued to ignore Nutramax and its intellectual property rights, as evidenced by Body Wise's default.    After Body Wise was served with the Complaint and Summons, the CFO of Body Wise contacted Nutramax's counsel to discuss potential resolution of the action.  Between November 30, 2018 and December 18, 2018, the parties communicated on a few occasions and discussed whether a 21-day extension for Body Wise to respond to the Complaint might allow the parties to reach an amicable settlement of the dispute.   In that regard, on December 13, 2018, Nutramax prepared a draft of a 21-day extension of time, and provided that draft extension to Body Wise. Cox Dec. ¶ 8.  Body Wise did not respond to Nutramax's overture, and has since ceased communicating with Nutramax altogether.  *Id.* ¶ 11.  There is no reason to believe Body Wise would respect Nutramax's patent rights and refrain from future infringement unless judgment is entered against them.  Without intervention by the Court, Nutramax is left entirely without a remedy for Body Wise's willful infringement. Accordingly, the first *Eitel* factor weighs in favor of default judgment.

**B.    Nutramax's Complaint States Valid Claims**
(*Eitel* Factors 2 and 3)

"Courts often consider the second and third *Eitel* factors together."  *Hand and Nail*, 2017 WL 2936215, at *8 (citations omitted).  The second and third

*Eitel* factors require the court to assess whether a plaintiff has sufficiently stated each claim for which it seeks to recover. *Id.*

### 1. Counts 1 and 2: Direct Patent Infringement

To establish direct infringement of a patent, the plaintiff must show that: (1) the plaintiff owns the patent; (2) the defendant has infringed the patent by making, selling or using the patented invention; (3) the plaintiff has given the defendant notice of its infringement; and (4) a demand for an injunction and/or damages. *HeadBlade, Inc. v. Prods. Unlimited, LLC*, No. CV 1502611 SJOVBKX, 2016 WL 6237900, at *3 (C.D. Cal. May 5, 2016) (citing *McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354, 1356-57 (Fed. Cir. 2007)).

As stated in Nutramax's Complaint, (i) Nutramax is the owner of the Patents-in-Suit, (ii) Body Wise has infringed the Patents-in-Suit by at least selling its Joint Complete product through its website (bodywise.com/anti-aging/) and Amazon, (iii) Nutramax has given Body Wise notice of its infringement, and (iv) Nutramax has made a demand to this Court for permanent injunction and damages for Body Wise's infringement of the Patents-in-Suit. D.I. 1 ¶¶ 8, 14, 28. In light of the Clerk of the Court's January 2, 2019 entry of default, all allegations of Nutramax's Complaint are accepted as true and it is determined that Body Wise is liable for infringing the Patents-in-Suit. *TeleVideo Sys.,* 826 F.2d at 917-18 (upon default, allegations in the Complaint are accepted as true). As such, Nutramax has pled facts sufficient to

-9-

establish claims of direct infringement of the Patents-in-Suit. *See generally* D.I. 1; *see id.* ¶¶ 29-42. Moreover, Nutramax has provided a detailed substantive infringement analysis in the exhibits attached to this Motion. *See* Exhibit A; *see also, generally,* Declaration of Grace A. Cornblatt in Support of Motion for Default Judgment Against Defendant Body Wise International, Inc. ("Cornblatt Dec.").

For the reasons provided above, the second and third *Eitel* factors weigh in favor of granting default judgment against Body Wise as to the direct infringement claims.

### 2.    Count 3: Indirect Patent Infringement

To establish liability for indirect patent infringement under 35 U.S.C. § 271(b), "a patent holder must prove that once the defendants knew of the patent, they 'actively and knowingly aid[ed] and abett[ed] another's direct infringement'" *HeadBlade*, 2016 WL 6237900, at *4 (quoting *DSU Med. Corp. v. JMS Co., Ltd.*, 471 F.3d 1293, 1305 (Fed. Cir. 2006)).

As stated in Nutramax's Complaint, Body Wise knowingly and actively aided and abetted the direct infringement of certain claims of the '697 Patent by instructing and encouraging its customers, purchasers, users, and developers to use its Joint Complete product. *See generally* D.I. 1; *see id.* ¶¶ 43-48; *see also* Exhibit A at 3; Cornblatt Dec. at, *e.g.*, ¶¶ 7, 9, 11. Such instructions and encouragement included, but are not limited to, advising third parties to use the

-10-

Joint Complete product in an infringing manner, providing a mechanism through which third parties may infringe at least claim 21 of the '697 Patent, by advertising and promoting the use of the Joint Complete product in an infringing manner, and distributing guidelines and instructions to third parties on how to use the Joint Complete product in an infringing manner.  D.I. 1-3, D.I. 1-4, D.I. 1-5.  Body Wise updates and maintains a website, as well as a third-party website, with its advertisements which cover in-depth aspects of purchasing and uses for Body Wise's offerings.  D.I. 1 ¶¶ 47-48.  Body Wise included on those websites advertisements for Body Wise's Joint Complete product.  *Id.* ¶¶ 47-48.  Because all allegations in the Complaint are accepted as true upon default, Nutramax has plead facts sufficient to establish claims of indirect infringement of at least claim 21 of the '697 Patent.  Moreover, as detailed in the Cornblatt Dec., Nutramax has established indirect infringement by Body Wise. Cornblatt Dec. ¶ 11; *see* Exhibit A at 3.

Accordingly, the second and third *Eitel* factors weigh in favor of granting default judgment against Body Wise as to the indirect infringement claim.

### C.    The Sum of Money at Stake is Not Disproportionately Large
         (*Eitel* Factor 4)

Under the fourth *Eitel* factor, the court considers "the amount of money at stake in relation to the seriousness of [the defendant's] conduct."  *PepsiCo, Inc. v. California Sec. Cans*, 238 F. Supp. 2d 1172, 1176 (C.D. Cal. 2002).

This factor requires that the court assess whether the recovery sought is proportional to the harm caused by defendant's conduct. *See Walters v. Statewide Concrete Barrier, Inc.,* No. C 04–2559 JSW, 2006 WL 2527776, at *4 (N.D. Cal. Aug. 30, 2006) ("If the sum of money at issue is reasonably proportionate to the harm caused by the defendant's actions, then default judgment is warranted"). Under the patent laws, a plaintiff may recover (1) damages to compensate for infringement; and (2) costs of the action, and in exceptional cases, attorneys' fees. 35 U.S.C. §§ 284-85.

Nutramax seeks an accounting of Body Wise's revenues and profits earned from the sale of its infringing Joint Complete products and damages based thereon, equitable relief, and reasonable attorneys' fees and costs. Because Nutramax has properly pleaded the claims relating to these damages and seeks damages tied to actual sales of Body Wise's infringing product, the requested sum of money will be proportional to Body Wise's conduct. Indeed, Nutramax requested an accounting from Body Wise (*see* D.I. 1-6 at 2-3; D.I. 1-7 at 2; Cox Dec. ¶¶ 6, 9-10), and is requesting that this Court order an accounting (*see infra*) to allow the determination of damages to reflect the actual revenues generated by Body Wise's infringing conduct in violation of Nutramax's intellectual property rights. To that end, Nutramax also requests that the Court permit Nutramax submit a specific dollar amount within fourteen

(14) days or receipt of the accounting from Body Wise, with which Nutramax will provide a reasonable royalty analysis and calculation based on that accounting.   At this time, Nutramax does state that—in addition to the reasonable royalty award—it seeks an award of $ 20,270.76 in reasonable attorneys' fees and costs, not including any fees and costs incurred in conjunction with oral argument.  Cox Dec. ¶¶ 12-15.

For the reasons provided above, the fourth *Eitel* factor weighs in favor of a grant of default judgment.

### D.   The Material Facts Are Not Disputed
(*Eitel* Factor 5)

There is not, and cannot be, any reasonable dispute as to material facts. The fifth *Eitel* factor calls for consideration of "whether it is highly likely that there would be a dispute as to material facts."  *Kerr Corp.*, 2013 WL 990532, at *5.  "Where the [p]laintiff's complaint is well-pleaded and the defendant makes no effort to properly respond, the likelihood of disputed facts is very low." *Warner Bros.*, 2013 WL 5890682, at * 3 (citing *Landstar Ranger*, 725 F. Supp. 2d at 921-22); *accord Nat'l Photo*, 2014 WL 12576641, at *3.   Here, Nutramax's Complaint is well-pleaded and Body Wise made no effort to properly respond.  Even if Body Wise had appeared in this action, Body Wise could not reasonably dispute the fundamental facts of this case.  Nutramax's patents are a matter of public record, and the evidence of infringement was

obtained from Body Wise's own website and the materials for Body Wise's Joint Complete product themselves.    Moreover, as Body Wise's failure to appear in this action and the communication between the parties indicates, Body Wise did not contest infringement.  As such, this factor weighs in favor of default judgment.

### E.    Body Wise's Default Was Not Due to Excusable Neglect
### (*Eitel* Factor 6)

Under the sixth factor, the Court must assess whether the defendant's default was due to excusable neglect.  *Eitel*, 782 F.2d at 1472.  This factor "favors default judgment when the defendant has been properly served or the plaintiff demonstrates that the defendant was aware of the lawsuit."  *Nat'l Photo*, 2014 WL 12576641, at *3.  Nutramax served the Complaint on Body Wise on November 29, 2018.  D.I. 14.  Further, the CFO of Body Wise acknowledged receipt of the Complaint and engaged in communications with Nutramax's counsel on a few occasions between November 20, 3018 and December 18, 2018, including engaging in discussions regarding an extension of time to respond to the Complaint.  *See* Cox Dec. ¶¶ 5-9, 11.  Regardless, Body Wise failed to respond to Nutramax's proposed extension and has since ceased communicating with Nutramax altogether.  The facts suggest that Body Wise made a business decision to cease settlement discussions and accept the consequences of default.  And because Body Wise was properly served and is

fully aware of the lawsuit, this factor weighs in favor of a default judgment here.

### F.   The Policy Favoring Decision on the Merits Supports Judgment
(*Eitel* Factor 7)

The final *Eitel* factor "indicates that, for public policy reason, courts prefer to rule on the merits." *Kerr Corp.*, 2013 WL 990532, at * 5. "Although decisions on the merits are preferred, this does not prevent a court from entering judgment where the defendant refuses to respond." *Nat'l Photo*, 2014 WL 12576641, at *3 (citing *Warner Bros. Entm't Inc. v. Caridi*, 346 F. Supp. 2d 1068, 1073 (C.D. Cal. 2004). "Where the defendant's failure to appear makes decision on the merits impossible, default judgment is appropriate." *Nat'l Photo*, 2014 WL 12576641, at *3 (citing *Craigslist, Inc. v. Naturemarket, Inc.*, 694 F. Supp. 2d 1039 (N.D. Cal. 2010)).  Here, Body Wise has been properly served with the Complaint and knowingly failed to answer, making a decision on the merits impossible.

Every *Eitel* factor weighs in Nutramax's favor.  Thus, this Court should order default judgment against Body Wise.

## IV.   NUTRAMAX IS ENTITLED TO THE RELIEF SOUGHT IN THE COMPLAINT FOR PATENT INFRINGEMENT

Because a plaintiff's allegations of damages are not presumed true, a court granting a motion for default judgment must "determine the amount and

-15-

character of the relief due." *Nat'l Photo*, 2014 WL 12576641, at *2 (quoting *Landstar Ranger*, 725 F. Supp. 2d at 920). Here, the nature of Body Wise's conduct, including its infringement and knowing default, warrants damages, entry of a permanent injunction, and an award of attorneys' fees and costs.

### A.   Nutramax is Entitled to Damages Pursuant to 35 U.S.C. § 284

The general remedy for patent infringement is set forth in 35 U.S.C. § 284, which states that, "the court shall award the claimant damages adequate to compensate for the infringement, but in no event less than a reasonable royalty for the use made of the invention by the infringer, together with interest and costs as fixed by the court." 35 U.S.C. § 284.

Because Body Wise has not provided any discovery in this matter, as discussed above, Nutramax requests that Body Wise be ordered to provide an accounting of its revenues and profits earned from the sale of its infringing products. If Body Wise were not required to pay a monetary judgment on default, there would be no incentive for infringers to respond to a complaint. In situations like this, courts have granted orders for an accounting. *See, e.g., Sunworld Indus. Co. Ltd. v. Dye Precision, Inc.*, No. 2:14-cv-07654-RSWL-AJW, Dkt. 19 (C.D. Cal. June 15, 2015) (Court entered default judgment and granted Plaintiff's request for an accounting to determine damages in a patent infringement action); *California Innovations, Inc. v. Access Bag N' Pack, Inc.*, 2007 WL 963307, at *2 (W.D.N.Y. Mar. 30, 2007) (same); *Williams-Sonoma,*

-16-

*Inc. v. Friendfinder, Inc.*, 2007 WL 4973848, at *11 (N.D. Cal., 2007) (Court granted motion for default judgment, issued permanent injunction, and ordered an accounting of profits related to infringement in a trademark infringement action); *see also Gojo Indus., Inc. v. Man Can, LLC*, 2013 WL 5234259, at *1 (N.D. Ohio, 2013) (order granting motion for default judgment and permanent injunction, and ordering Defendant to provide accounting of its sales).

### B.    Nutramax is Entitled to a Permanent Injunction

Nutramax respectfully requests that this Court enter injunctive relief prohibiting Body Wise from further infringement of Nutramax's intellectual property.  The Patent Act authorizes injunctive relief "in accordance with the principles of equity to prevent the violation of any right secured by patent, on such terms as the court deems reasonable."  35 U.S.C. § 283.  Further, injunctions are appropriately granted by default judgment in the Ninth Circuit and the Central District of California.  *See, e.g., Black Rapid, Inc. v. Millionway Int'l, Inc.*, No. 2:13-cv-01607-SJO-SP, Dkt. 29 (C.D. Cal. June 10, 2013) (granting default judgment and permanent injunction in patent infringement action); *S.E.C. v. Worthen*, 98 F.3d 480, 484 (9th Cir. 1996) (affirming permanent injunction entered by default).

To determine whether an injunction is appropriate in the context of a patent infringement action, courts analyze the following four factors: (1) that the patent owner has suffered an irreparable injury; (2) that remedies available

at law are inadequate to compensate for that injury; (3) that considering the balance of hardships between the plaintiff and defendant a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction.  *eBay Inc. v. MercExchange, LLC*, 547 U.S. 388, 391 (2006).

**1.   Nutramax Has Suffered and Will Continue to Suffer Irreparable Harm in the Absence of a Permanent Injunction**

Irreparable harm is an injury of the type that is not fully compensable by an award of monetary damages.  *See Hybritech Inc. v. Abbott Labs.*, 849 F.2d 1446, 1456-57 (Fed. Cir. 1988).  Irreparable harm may be shown by evidence that the parties are in direct competition, that the patentee lost market share and access to potential customers, or that the infringer is unable to satisfy a judgment.  *Robert Bosch LLC v. Pylon Mfg. Corp.*, 659 F.3d 1142, 1151 (Fed. Cir. 2011).  Further, "[p]rice erosion, loss of goodwill, damage to reputation, and loss of business opportunities" are also "valid grounds for finding irreparable harm."  *Celsis In Vitro, Inc. v. CellzDirect, Inc.*, 664 F.3d 922, 930 (Fed. Cir. 2012) (citations omitted).

When there is direct marketplace competition between the patent owner and the alleged infringer, as is the situation here between Nutramax and Body Wise, such competition "weighs heavily in favor of a finding of irreparable injury."  *i4i L.P. v. Microsoft Corp.*, 670 F. Supp. 2d 568, 599 (E.D. Tex.

-18-

2009), *aff'd in part and modified in part*, 598 F.3d 831 (Fed. Cir. 2010). Nutramax will continue to be irreparably harmed in the absence of an injunction permanently prohibiting further advertising and sale by Body Wise of products infringing the Patents-in-Suit; indeed, nothing presently prevents Body Wise from selling its Joint Complete product.   Moreover, Body Wise has sold its infringing product in the same channels in which Nutramax sells its products, including through Amazon.  *See* Exhibit A *citing* D.I. 1-3 at 7/8; D.I. 1-4 at 1/6; D.I. 1-5 at 2; *see also* Cornblatt Dec. ¶¶ 5, 7, 9, 11, 13.  The consumers who have purchased and could purchase Body Wise's infringing products via its website and third-party retailers are customers that would have instead bought Nutramax's patented products.   *Id*.   This loss of market share is the very essence of irreparable harm.  *See Abbott Labs. v. Sandoz, Inc.*, 544 F.3d 1341, 1361-62 (Fed. Cir. 2008) ("market share and revenue loss" constitute irreparable harm).

Nutramax also has suffered irreparable injury by way of its good will and reputation, and will continue to suffer if Body Wise is not permanently enjoined.  *See, e.g.*, *Herb Reed Enters., LLC v. Florida Entm't Mgmt., Inc.*, 736 F.3d 1239, 1249 (9th Cir. 2013) (finding that "[e]vidence of loss of control over business reputation and damage to goodwill" may be sufficient to show irreparable harm); *Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d

832, 841 (9th Cir. 2001) (finding that "[e]vidence of threatened loss of prospective customers or goodwill certainly supports a finding of the possibility of irreparable harm"); *Wetzel's Pretzels, LLC v. Johnson*, 797 F. Supp. 2d 1020, 1028 (C.D. Cal. 2011) (finding irreparable harm due, in part, to plaintiff's loss of control over its reputation).  Body Wise's production and sale of infringing products directly affects Nutramax's right to exclude, which is fundamental to patent law.  *See Robert Bosch LLC v. Pylon Mfg. Corp.*, 659 F.3d 1142, 1149-51 (Fed. Cir. 2011).  Body Wise has therefore caused Nutramax to lose market share and revenues, combined with damage to Nutramax's goodwill and reputation.

## 2.    Nutramax Has No Adequate Legal Remedy

In a permanent injunction analysis, the "inadequate remedy" factor overlaps with the "irreparable harm" factor so that they are practically "indistinguishable." *Metro-Goldwyn-Mayer Studios, Inc. v. Grokster*, 518 F. Supp. 2d 1197, 1219 (C.D. Cal. 2007).  If there is a substantial possibility that the plaintiff will be unable to recover a monetary award from the defendant, the plaintiff lacks an adequate remedy at law.  *Id*. at 1219-20.  Likewise, no adequate remedy exists where the defendant is likely to continue infringing the plaintiff's rights absent an injunction. *See Sony Music Entm't Inc. v. Elias*, No. CV03–6387DT(RCX), 2004 WL 141959, at *4 (C.D. Cal. Jan. 20, 2004).

Here, absent injunctive relief, Nutramax has no viable remedy at law. There is a high likelihood that Body Wise will be unable to pay a monetary award. During its communications with Nutramax's counsel, the CFO of Body Wise stated: "We cannot afford legal counsel to weigh the merits of the Complaint or satisfy any monetary awards if the Complaint is pursued." Cox Dec., Ex. 7 at 2 (*see* December 17, 2018 email from M. Pajor to J. Cox). Body Wise's conduct to date suggests that it does not take the illegality of its infringing activity seriously. Given Body Wise's refusal to participate in this lawsuit, Nutramax cannot be assured of collecting on a money judgment, which further militates in favor of an equitable remedy. *See, e.g., Canon, Inc.* v. *GCC Int'I Ltd.,* 263 Fed. Appx. 57, 62 (Fed. Cir. Jan. 25, 2008) (considering the improbability that the patentee could collect a money judgment as weighing in favor of an injunction). Regardless, monetary damages would not completely compensate Nutramax because Nutramax has suffered and will continue to suffer harm to its market share, which is difficult to quantify.

In view of the above, the nonmonetary remedy of injunctive relief is proper.

### 3.    Balance of Hardships

Under this factor, the court should consider the "relative effect of granting or denying an injunction on the parties." *i4i Ltd.*, 598 F.3d at 862. Taking the allegations of the Complaint as admitted, Body Wise is engaged in

willful and knowing patent infringement, and faces no hardship in refraining from such activity.   Absent an order from this Court, nothing is currently preventing Body Wise from infringing Nutramax's intellectual property rights in the future.   "There is no hardship to a defendant when a permanent injunction would merely require the defendant to comply with law."   *Deckers Outdoor Corp.* v. *Ozwear Connection Pty, Ltd.,* No. CV 14-2307 RSWL FFMX, 2014 WL 4679001, at *13 (C.D. Cal. Sept. 18, 2014) (citations omitted).   On the other hand, Nutramax is seriously harmed by the infringement of its patents, as detailed above.   Accordingly, the balance of the hardships tips decidedly in Nutramax's favor.

### 4.   Benefit to the Public Interest

"[T]he touchstone of the public interest factor is whether an injunction . . . strikes a workable balance between protecting the [holder's] rights and protecting the public from the injunction's adverse effects."   *i4i,* 598 F.3d at 863 (citing *Broadcom Corp. v. Qualcomm Inc.*, 543 F.3d 683, 704 (Fed. Cir. 2008)).   Here, granting a permanent injunction would protect Nutramax's federally protected rights, which is in the public interest, and would have no adverse effect on the public. *See Amini Innovation Corp. v. KTY Int'l Mktg.*, 768 F. Supp. 2d 1049, 1057 (C.D. Cal. 2011) ("Allowing such infringement of intellectual property discourages future innovation by failing to provide an

1  adequate forum through which individuals and corporations can protect their

2  own ideas.").

3        Accordingly, all *eBay* factors weigh in favor of permanently enjoining

4  Body Wise from infringing on Nutramax's intellectual property rights.

5        **C.     Attorneys' Fees and Costs**

6        Under the patent laws, a prevailing party may obtain reasonable

7  attorneys' fees in an "exceptional case." 35 U.S.C. § 285. An exceptional case

8  "is simply one that stands out from others with respect to the substantive

9  strength of a party's litigating position (considering both the governing law and

10  the facts of the case) or the unreasonable manner in which the case was

11  litigated." *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 572 U.S. 545,

12  554 (2014). Attorneys' fees serve to discourage bad behavior by imposing the

13  cost of the decision on the responsible party. *Cambrian Sci. Corp. v. Cox

14  Comm's, Inc.*, 79 F. Supp. 3d 1111, 1114 (C.D. Cal. 2015). District courts

15  determine whether a case is exceptional in the case-by-case exercise of their

16  discretion, considering the totality of the circumstances. *Id.*

17        "A finding of willfulness is a sufficient basis for an award of attorneys'

18  fees under § 285." *Forever Foundations & Frame, LLC v. Optional Prods.

19  LLC*, No. SA CV 13-1779-DOC (RNBx), 2014 WL 12585800, at *6 (C.D. Cal.

20  Dec. 19, 2014) (Carter, J.) (quoting *Funai Elec. Co., Ltd. v. Daewoo Elecs.

21  Corp.*, 593 F. Supp. 2d 1088, 1117 (N.D. Cal. 2009)); *see also Ceiva Logic Inc.*

22                                         -23-

1   *v. Frame Media Inc.*, No. SACV 08-00636-JVS, 2014 WL 7338840, at *4

2   (C.D. Cal. Dec. 19, 2014) ("In the context of default, a pleading that

3   infringement was willful is sufficient to establish entitlement to attorneys'

4   fees."). "While the district court is not required to award attorneys' fees where

5   such a finding has been made, it is an abuse of discretion to deny attorneys' fees

6   in cases of willful infringement unless the court explains why the case is not

7   exceptional." *Funai*, 593 F. Supp. 2d at 1117. Courts often award attorneys'

8   fees and costs in patent cases in the context of default judgment proceedings.

9   *See, e.g., Sigma Enters., LLC v. Alluring Deals, LLC*, No. SA CV 17-1074-

10   DOC (JCGx), D.I. 42 at 17-18 (C.D. Cal. Nov. 15, 2017) (Carter, J.); *Forever*

11   *Foundations & Frame,* 2014 WL 12585800, at *6; *Parker West Int'l, LLC v.*

12   *Clean Up America, Inc.*, No. C-08-2810 EMC, 2009 WL 2916664, at *8 (N.D.

13   Cal. Sept. 1, 2009); *Rubbermaid Commercial Prods., LLC v. Trust Commercial*

14   *Prods.*, No. 2:13-cv-02144-GMN-GWF, 2014 WL 4987878, at *6 (D. Nev.

15   Aug. 22, 2014) (citing *Derek Andrew, Inc. v. Poof Apparel Corp.*, 528 F.3d

16   696, 702 (9th Cir. 2008)); *Bic Corp. v. First Prominence Co.*, No.

17   00CIV.7155(SHS)(RLE), 2001 WL 1597983, at *4 (S.D.N.Y. Dec. 10, 2001).

18       As discussed in detail above, Nutramax has established that Body Wise

19   has willfully infringed the Patents-in-Suit. *See, e.g., Derek Andrew*, 528 F.3d at

20

21

22                                    -24-

702.  This showing is sufficient to support an exceptional case determination pursuant to 35 U.S.C. § 285.

Moreover, Body Wise's acts have shown an intentional disregard for the judicial process, providing further evidence of the exceptional nature of this case.  Body Wise simply ignored the claims asserted by Nutramax, and rebuffed overtures by Nutramax to amicably settle this dispute without needing to substantively involve the Court or driving up legal fees and costs for Nutramax. Therefore, pursuant to Local Rule 55-3, Nutramax requests reasonable attorneys' fees in the amount of $ 20,144.50.  *See* Cox Dec. ¶¶ 12-15.  These amounts comport with the need to incur attorneys' fees for pursuing this motion and the relief requested therein, which would have been avoided by proper action and respect for the judicial process by Body Wise.

Rule 54(d)(1) of the Federal Rules of Civil Procedure and 35 U.S.C. § 284 provide that the prevailing party should also be allowed to recover its costs. Therefore, Nutramax also requests its costs in the amount of $ 126.26.  Cox Dec. ¶¶ 12-13, 15.

While the amounts above are likely in excess of the fee schedule established by Local Rule 55-3, they are supported by the Declaration of John W. Cox and its attached billing invoices. Nutramax also requests the

-25-

opportunity to supplement these amounts to include any fees and costs incurred in conjunction with oral argument, should oral argument be held.

## V.   CONCLUSION

For the foregoing reasons, Nutramax respectfully requests that the Court order default judgment against Defendant, order an accounting of its revenues and profits earned from the sale of its infringing Joint Complete products, enter a permanent injunction against Defendant, and award Nutramax $ 20,144.50 in fees and $ 126.26 in costs.

Dated:  January 29, 2019                          Respectfully submitted,

By: */s/ Brenton R. Babcock*
Brenton R. Babcock
Brent.Babcock@wbd-us.com
WOMBLE BOND DICKINSON (US) LLP
3200 Park Center Drive, Suite 700
Costa Mesa, CA 92626
(714) 557-3800 (telephone)
(714) 557-3347 (facsimile)

John W. Cox, Ph.D. (*pro hac vice*)
John.Cox@wbd-us.com
WOMBLE BOND DICKINSON (US) LLP
271 17th Street, NW, Suite 2400
Atlanta, GA 30363
(404) 888-7000 (telephone)
(404) 879-2699 (facsimile)

*Attorneys for Plaintiffs*
Nutramax    Laboratories,    Inc.    and
Nutramax    Laboratories    Consumer
Care, Inc.

1

## CERTIFICATE OF SERVICE

2

On this date, January 29, 2019, the undersigned will serve upon

3

Defendant via electronic mail the filed copy of:

4

**Memorandum of Points and Authorities in Support of Plaintiffs'**

5

**Motion for Default Judgment Against Defendant Body Wise International,**

6

**Inc.**

7

8

By: */s/ Brenton R. Babcock*
Brenton R. Babcock

9

*Attorneys for Plaintiffs*

10

Nutramax Laboratories, Inc. and
Nutramax Laboratories Consumer

11

Care, Inc.

12

13

14

15

16

17

18

19

20

21

22

# EXHIBIT A

| US Patent No. 8,753,697 | | | |
|---|---|---|---|
| Claim | Proposed Construction | Proposed Construction Support | Infringement Support |
| 1. A composition comprising | Not limiting / plain and ordinary meaning | *See, e.g.,* the '697 patent, col. 6:8-17; *id.* at col. 15:26 – 16:25. | |
| avocado/soybean unsaponifiables (ASU) and | Extracts of avocado and soybean plant lipids that do not undergo saponification (i.e., they do not react with alkali to form a soap). | *See, e.g.,* the '697 patent, col. 10:28-34. | *See* D.I. 1-3 at 7/8; D.I. 1-4 at 1/6; D.I. 1-5 at 2. |
| a glycosaminoglycan, | Any of a group of high molecular weight linear polysaccharides with various disaccharide repeating units. | *See generally* Dorland's Medical Dictionary for Health Consumers or Dorland's Illustrated Medical Dictionary 32nd Ed. at 794 (attached to the Declaration of John W. Cox in Support of Motion for Default Judgment Against Defendant Body Wise International, Inc. ("Cox Dec.") at Ex. 1); *see also, e.g.,* the '697 patent, col. 6:42 – 7:13. | *See* D.I. 1-3 at 7/8; D.I. 1-4 at 1/6; D.I. 1-5 at 2. |
| wherein the ASU and the glycosaminoglycan are present in a synergistically effective amount. | a combination of ASU and glycosaminoglycan wherein the amounts of components have or produce a greater than additive effect | *See generally* the '697 patent, cols. 15 – 16; *see also, e.g., id.* col. 19:38-63; May 16, 2013, Declaration of Carmelita Frondoza, submitted during the prosecution of the '697 patent (attached as Ex. 2 to the Cox Dec.), ¶¶ 2, 5-6. | *See* D.I. 1-5 at 2; Declaration of Grace A. Cornblatt in Support of Motion for Default Judgment Against Defendant Body Wise International, Inc. ("Cornblatt Dec.") at ¶¶ 8-9). |
| | | | |
| 4. The composition according to claim 1, wherein the glycosaminoglycan | *See* Claim 1. | | |
| is chondroitin or a salt thereof, hyaluronic acid, or a mixture of | Plain and ordinary meaning | *See, e.g.,* the '697 patent, col. 6:42 – 7:13. | *See* D.I. 1-3 at 7/8; D.I. 1-4 at 1/6; D.I. 1-5 at 2. |

| US Patent No. 8,753,697 | | | |
|---|---|---|---|
| **Claim** | **Proposed Construction** | **Proposed Construction Support** | **Infringement Support** |
| these. | | | |
| | | | |
| 5. The composition according to claim 1, wherein the glycosaminoglycan | *See* Claim 1. | *See generally* Cox Dec., Ex. 1 (Dorland's Dictionary) at 794; *see also, e.g.*, the '697 patent, col. 6:42 – 7:13. | |
| is chondroitin sulfate. | Plain and ordinary meaning | *See, e.g.*, the '697 patent, col. 6:42 – 7:13. | *See* D.I. 1-3 at 7/8; D.I. 1-4 at 1/6; D.I. 1-5 at 2. |
| | | | |
| 6. The composition of claim 1, wherein a dose | *See* Claim 1. | *See generally* the '697 patent, cols. 15 – 16; *see also, e.g., id.* col. 15:26-30. | |
| of the avocado/soybean unsaponifiables | of extracts of avocado and soybean plant lipids that do not undergo saponification (i.e., they do not react with alkali to form a soap). | *See, e.g.*, the '697 patent, col. 10:28-34; *see also* Claim 1. | |
| ranges from about 5 milligrams to about 5 grams. | Plain and ordinary meaning | | *See* D.I. 1-5 at 2. |
| | | | |
| 10. The composition of claim 1, wherein a dose | *See* Claims 1 and 6. | | |
| of the avocado/soybean unsaponifiables | *See* Claim 6. | | |
| ranges from about 1 mg/kg to about 25 mg/kg. | Plain and ordinary meaning | | *See* D.I. 1-5 at 2. |

2

| US Patent No. 8,753,697 | | | |
|---|---|---|---|
| **Claim** | **Proposed Construction** | **Proposed Construction Support** | **Infringement Support** |
| | | | |
| 14. The composition of claim 1, wherein a dose | *See* Claims 1 and 6. | | |
| of the glycosaminoglycan component | of any of a group of high molecular weight linear polysaccharides with various disaccharide repeating units. | *See, e.g.*, Cox Dec., Ex. 1 (Dorland's Dictionary) at 794; *see also* the '697 patent, col. 6:42 – 7:13. | |
| ranges from about 15 milligrams to about 12 grams. | Plain and ordinary meaning | | *See* D.I. 1-5 at 2. |
| | | | |
| 21. A method of treating or repairing damage to connective tissue in humans and animals comprising | Plain and ordinary meaning | *See generally* the '697 patent at col. 1:36-67; *id.* at col. 5:33-43; *id.* at col. 6:8-19; *id.* at col. 15:26-38; *id.* at Examples 1-6; *see also* Cox Dec., Ex. 2 (Frondoza Dec.), ¶ 3; *see also id.* ¶¶ 2, 4-6. | *See* D.I. 1-3 at 7/8; D.I. 1-4 at 1/6; D.I. 1-5 at 2; Cornbaltt Dec. at ¶¶ 10-11. |
| administering | Plain and ordinary meaning | *See, e.g.*, the '697 patent at col. 15:26-38. | *See* Cornbaltt Dec. at ¶ 11. |
| a composition according to claim 1 | *See* Claim 1. | | |
| to a human or animal in need thereof. | Plain and ordinary meaning | *See generally* the '697 patent at col. 1:36-67; *id.* at col. 5:33-43; *id.* at col. 15:26-38; *id.* at Examples 2, 3, 5. | *See* D.I. 1-5 at 2; *see also* Cornbaltt Dec. at ¶¶ 10-11. |
| | | | |

| US Patent No. 6,797,289 | | | |
|---|---|---|---|
| **Claim** | **Proposed Construction** | **Support** | **Infringement Analysis** |
| 1. A composition for the treatment, repair or prevention of damage to connective tissue comprising: | Plain and ordinary meaning | *See, e.g.*, the '289 patent, col. 5:39-67; *id.* at col. 6:14-30; *id.* at col. 13:18-37; *id.* at col. 15:18-43; *id.* at Examples 1-6. | *See* D.I. 1-3 at 7/8; D.I. 1-4 at 1/6; D.I. 1-5 at 2. |
| a synergistic combination of | a combination of components [aminosugar and ASU] wherein the amounts of components have or produce a greater than additive effect | *See generally* the '289 patent, cols. 15 – 17; *see also, e.g.*, *id.* at col. 20:15-41; *see also* Cox Dec., Ex. 2 (Frondoza Dec.), ¶ 3; *see also id.* ¶¶ 2, 4-6. | *See* D.I. 1-5 at 2; Cornbaltt Dec. at ¶¶ 10, 12-13. |
| an aminosugar and | Plain and ordinary meaning | *See, e.g.,* the '289 patent, col. 4:14-27; *id.* at col. 6:31 – 7:25. | *See* D.I. 1-3 at 7/8; D.I. 1-4 at 1/6; D.I. 1-5 at 2. |
| avocado/soybean unsaponifiables. | Extracts of avocado and soybean plant lipids that do not undergo saponification (i.e., they do not react with alkali to form a soap). | *See, e.g.,* the '289 patent, col. 10:45-51. | *See* D.I. 1-3 at 7/8; D.I. 1-4 at 1/6; D.I. 1-5 at 2. |
| | | | |
| 2. The composition of claim 1, wherein the aminosugar is selected from the group consisting of | *See* Claim 1. | | |
| glucosamine, glucosamine salts, and mixtures thereof. | Plain and ordinary meaning | *See, e.g.*, the '289 patent, col. 4:14-27; *id.* at col. 6:18-45. | *See* D.I. 1-3 at 7/8; D.I. 1-4 at 1/6; D.I. 1-5 at 2. |
| | | | |

| US Patent No. 6,797,289 | | | |
|---|---|---|---|
| **Claim** | **Proposed Construction** | **Support** | **Infringement Analysis** |
| 3. The composition of claim 2, wherein the glucosamine salt is selected from the group consisting of | *See* Claim 2. | | |
| glucosamine hydrochloride, glucosamine sulfate, N-acetylglucosamine and salts thereof. | Plain and ordinary meaning | *See, e.g.*, the '697 patent, col. 6:39-45; *id.* at col. 6:45-52. | *See* D.I. 1-3 at 7/8; D.I. 1-4 at 1/6; D.I. 1-5 at 2. |
| | | | |

5