Brenton R. Babcock (SBN 162,120)
Brent.Babcock@wbd-us.com
WOMBLE BOND DICKINSON (US) LLP
3200 Park Center Drive, Suite 700
Costa Mesa, CA 92626
Telephone: (714) 557-3800; Facsimile: (714) 557-3347

John W. Cox, Ph.D. (*pro hac vice*)
John.Cox@wbd-us.com
WOMBLE BOND DICKINSON (US) LLP
271 17th Street, NW, Suite 2400
Atlanta, GA 30363
Telephone: (404) 888-7000; Facsimile: (404) 879-2699

*Attorneys for Plaintiffs*
NUTRAMAX LABORATORIES, INC. and
NUTRAMAX LABORATORIES CONSUMER CARE, INC.

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
## SOUTHERN DIVISION

| | |
|---|---|
| NUTRAMAX LABORATORIES, INC. and NUTRAMAX LABORATORIES CONSUMER CARE, INC., <br><br> Plaintiffs, <br><br> v. <br><br> BODY WISE INTERNATIONAL, INC., <br><br> Defendant. | Case No. 8:18-cv-02076 <br><br> **DECLARATION OF JOHN W. COX IN SUPPORT OF MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANT BODY WISE INTERNATIONAL, INC.** <br><br> Concurrently filed with: <br> 1. Notice of Motion and Motion for Default Judgment; <br> 2. Memorandum of Points and Authorities; <br> 3. Declaration of Grace A. Cornblatt; <br> 4. Proposed Order <br><br> Judge: Hon. David O. Carter <br> Motion Date: March 4, 2019 |

I, JOHN W. COX, state as follows:

1.     I am an attorney with the law firm of Womble Bond Dickinson (US) LLP, counsel of record for Plaintiffs in this action, admitted to this Court *pro hac vice* in this matter, and have personal knowledge of the facts set forth herein.

2.     I submit this declaration in support of Plaintiffs Nutramax Laboratories and Nutramax Laboratories Consumer Care, Inc.'s (collectively, "Nutramax" or "Plaintiffs") Motion for Default Judgment Against Defendant Body Wise International, Inc. ("Defendant").

3.     Attached hereto as Exhibit 1 is a true and correct copy of an excerpt from Dorland's Medical Dictionary for Health Consumers or Dorland's Illustrated Medical Dictionary 32nd Ed., including page 794.

4.     Attached hereto as Exhibit 2 is a true and correct copy of the May 16, 2013, Declaration of Carmelita Frondoza, submitted during the prosecution of U.S. Patent No. 8,753,697 (D.I. 1-3).

5.     Attached hereto as Exhibit 3 is a true and correct copy of email correspondence dated November 30, 2018 between M. Pajor and J. Cox.

6.     Attached hereto as Exhibit 4 is a true and correct copy of email correspondence dated December 7, 2018 between from M. Pajor to J. Cox.

-1-

7.     Attached hereto as Exhibit 5 is a true and correct copy of email correspondence dated December 12, 2018 between M. Pajor and J. Cox.

8.     Attached hereto as Exhibit 6 is a true and correct copy of email correspondence dated December 13, 2018 from J. Cox to M. Pajor.

9.     Attached hereto as Exhibit 7 is a true and correct copy of email correspondence dated December 20, 2018 from J. Cox to M. Pajor, which includes email correspondence dated December 18, 2018 from J. Cox to M. Pajor and email correspondence dated December 17, 2018 from M. Pajor to J. Cox.

10.     Attached hereto as Exhibit 8 is a true and correct copy of email correspondence dated January 3, 2019 from J. Cox to M. Pajor, which includes email correspondence dated December 31, 2018 from J. Giardina to M. Pajor.

11.     The last communication received by me from M. Pajor is the email correspondence dated December 17, 2018 despite the additional correspondence sent to M. Pajor indicated herein.

12.     Attached hereto as Exhibit 9 is a true and correct redacted copy of Womble Bond Dickinson's bills to Nutramax for the month of December, 2018.

13.     Attached hereto as Exhibit 10 is a true and correct redacted copy of Womble Bond Dickinson's bills to Nutramax for the period from January 1, 2019, through and including January 25, 2019.

-2-

14.     The attorneys' fees for the period from January 26, 2019, through the filing of the motion in which this declaration is submitted (*i.e.*, Nutramax's Motion for Default Judgment Against Defendant Body Wise International, Inc.), which includes time entries by me, Brent Babcock, and Julie Giardina (*i.e.*, the same individuals for which time entries are included Exhibits 9 and 10, attached hereto), will be approximately $ 2,000.

15.     I have redacted or otherwise not included in Exhibits 9 or 10, or in the $ 2,000 value in ¶ 14 above, entries that are not related to the present motion.  Therefore, the only fees and costs sought—totaling $ 20,144.50 in fees ($ 2,531 + $ 15,613.50 + $2,000) and $ 126.26 in costs—are directed specifically to Nutramax's pursuit of relief via the present motion.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Signed on January 29, 2019, in Atlanta, Georgia.

By: */s/ John W. Cox*
John W. Cox

-3-

# EXHIBIT 1

# DORLAND'S ILLUSTRATED MEDICAL DICTIONARY

## 32nd EDITION

ELSEVIER
SAUNDERS

# ELSEVIER
## SAUNDERS

1600 John F. Kennedy Blvd.
Ste 1800
Philadelphia, PA 19103-2899



DORLAND'S ILLUSTRATED MEDICAL DICTIONARY
32nd edition

ISBN: 978-1-4160-6257-8 (Standard)
978-1-4160-6256-1 (Deluxe)
978-0-8089-2418-0 (International)

Copyright © 2012, 2007, 2003, 2000, 1994, 1988, 1985, 1981, 1974, 1965, 1957, 1951, 1947, 1944, 1941, 1938, 1935, 1932, 1929, 1927, 1923, 1921, 1919, 1917, 1915, 1913, 1911, 1909, 1906, 1903, 1901, 1900 by Saunders, an imprint of Elsevier Inc.

No part of this publication may be reproduced or transmitted in any form or by any means, electronic or mechanical, including photocopying, recording, or any information storage and retrieval system, without permission in writing from the publisher. Details on how to seek permission, further information about the Publisher's permissions policies and our arrangements with organizations such as the Copyright Clearance Center and the Copyright Licensing Agency, can be found at our website: www.elsevier.com/permissions.

This book and the individual contributions contained in it are protected under copyright by the Publisher (other than as may be noted herein).

---

**Notices**

Knowledge and best practice in this field are constantly changing. As new research and experience broaden our understanding, changes in research methods, professional practices, or medical treatment may become necessary.

Practitioners and researchers must always rely on their own experience and knowledge in evaluating and using any information, methods, compounds, or experiments described herein. In using such information or methods they should be mindful of their own safety and the safety of others, including parties for whom they have a professional responsibility.

With respect to any drug or pharmaceutical products identified, readers are advised to check the most current information provided (i) on procedures featured or (ii) by the manufacturer of each product to be administered, to verify the recommended dose or formula, the method and duration of administration, and contraindications. It is the responsibility of practitioners, relying on their own experience and knowledge of their patients, to make diagnoses, to determine dosages and the best treatment for each individual patient, and to take all appropriate safety precautions.

To the fullest extent of the law, neither the Publisher nor the authors, contributors, or editors, assume any liability for any injury and/or damage to persons or property as a matter of products liability, negligence or otherwise, or from any use or operation of any methods, products, instructions, or ideas contained in the material herein.

---

**Library of Congress Cataloging-in-Publication Data**

ISBN:  978-1-4160-6257-8 (Standard)
         978-1-4160-6256-1 (Deluxe)
         978-0-8089-2418-0 (International)

Listed here are the latest translated editions of this book together with the languages for the translations and the publishers:

Chinese (*28th Edition*)—Xi'an World Publishing Corp., Xi'an, China
Indonesian (*26th Edition*)—E.G.C. Medical Publishers, Jakarta, Indonesia
Italian (*28th Edition*)—Edizioni Scientifiche Internazionali (ESI), Milan, Italy
Japanese (*28th Edition*)—Hirokawa Publishing Company, Tokyo, Japan
Portuguese (*28th Edition*)—Editiora Manole Ltda., São Paulo, Brazil
Spanish (*30th Edition*)—Elsevier España, S.A., Madrid, Spain

*Chief Lexicographer:* Douglas M. Anderson, MA
*Senior Lexicographer:* Patricia D. Novak, PhD
*Lexicographer:* Jefferson Keith, MA
*Assistant Lexicographer:* Michelle A. Elliott, MA
*Publishing Services Manager:* Patricia Tannian
*Senior Project Manager:* Linda Van Pelt
*Design Direction:* Steve Stave

Printed in the United States of America

Last digit is the print number:   9   8   7   6   5   4   3   2   1

Working together to grow
libraries in developing countries

www.elsevier.com | www.bookaid.org | www.sabre.org

ELSEVIER   BOOK AID International   Sabre Foundation

*Glycophagus* ........................................................ glycosylation

**Gly·coph·a·gus** (gli-kof′ə-gəs)  *Glycyphagus.*

**gly·co·phil·ia** (gli″ko-fil′e-ə) [*glyco-* + *-philia*]  a condition in which a very small amount of glucose produces hyperglycemia.

**gly·co·phor·in** (gli″ko-for′in)  any of a group of transmembrane glycoproteins of erythrocytes, attaching to oligosaccharides at the outer cell membrane surface and to contractile proteins (spectrin and actin) at the cytoplasmic surface; some carry blood group antigens. Defects of glycophorin C lead to in elliptocytosis, spherocytosis, and pyropoikilocytosis.

**gly·co·pol·y·uria** (gli″ko-pol″e-u′re-ə) [*glyco-* + *poly-* + *-uria*]  polyuria due to glycosuria.

**gly·co·pri·val** (gli″ko-pri′val)  glucopenic.

**gly·co·pro·tein** (gli″ko-pro′tēn)  a conjugated protein containing one or more covalently linked carbohydrate residues. While technically describing conjugates in which the carbohydrate is less than 4 per cent by weight, the term is often used generically to include the mucoproteins (q.v.) and proteoglycans (q.v.).

g. IIb/IIIa  a transmembrane protein of platelets; it is an integrin that binds fibrinogen, von Willebrand factor, and other adhesive ligands and plays a role in platelet aggregation and thrombus formation.

α1-acid g.  an acute phase protein found in blood plasma, an indicator of tissue necrosis and inflammation. Called also orosomucoid.

glycine-rich β g. (GBG)  former name for *factor B.*

human cartilage g.-39  a 42-kilodalton glycoprotein produced by chondrocytes, synovial cells, macrophages, and neutrophils, thought to play a role in tissue remodeling; serum levels are increased in rheumatoid arthritis and certain inflammatory conditions.

g. Mac-1  a β₂ integrin (CD11b/CD18) expressed on monocytes, macrophages, neutrophils, and NK cells that mediates leukocyte adhesion and serves as a receptor for inactivated complement fragment C3b (iC3b) and for some carbohydrates of certain bacteria and yeasts; it also plays a role in antibody-dependent cellular cytotoxicity. It comprises an α and a β chain; the latter is common also to CR4. Called also *Mac-1* and *complement receptor 3 (CR3).*

P-g. (Pgp)  a 170-kilodalton cell-surface protein occurring normally in the colon, small intestine, adrenal glands, kidney, and liver, and also expressed by tumor cells. It is a modulator of multidrug resistance, mediating the transport of antineoplastic agents out of tumor cells.

g. p150,95  complement receptor CR4; see under *complement receptor, receptor.*

variable surface g. (VSG)  any of an array of glycoproteins that form the antigenic protein coating of *Trypanosoma brucei.* The organisms contain numerous genes encoding hundreds of such glycoproteins and, by expressing individual ones successively, evade the immune system of the host.

**gly·co·pro·tein 4-β-ga·lac·to·syl·trans·fer·ase** (gli″ko-pro′tēn gə-lak′to-sal-trans′fər-ās)  an enzyme of the transferase class that catalyzes the attachment of galactose moieties derived from UDP-galactose to *N*-acetylglucosamine residues of glycoproteins. The enzyme is present in many tissues; in secreting mammary gland cells it complexes with α-lactalbumin to form lactose synthase. In EC nomenclature, called *β-N-acetylglucosaminyl-glycopeptide β-1,4-galactosyltransferase.*

**gly·co·pty·al·ism** (gli″ko-ti′əl-iz-əm) [*glyco-* + *ptyal-* + *-ism*]  glycosialia.

**gly·co·pyr·ro·late** (gli″ko-pir′o-lāt) [USP]  a synthetic quaternary anticholinergic used as an antispasmodic to help treat peptic ulcer and other gastrointestinal disorders, a preanesthetic antisialogogue to decrease salivation and respiratory secretions, and an antiarrhythmic to counteract vagal inhibitory reflexes during induction of anesthesia and surgery; administered orally, intramuscularly, or intravenously. Called also *glycopyrronium bromide.*

**gly·co·pyr·ro·ni·um bro·mide** (gli″ko-pir-o′ne-əm)  INN for *glycopyrrolate.*

**gly·cor·rha·chia** (gli″ko-ra′ke-ə) [*glyco-* + *rhachi-* + *-ia*]  presence of glucose in the cerebrospinal fluid.

**gly·cor·rhea** (gli″ko-re′ə) [*glyco-* + *-rrhea*]  a sugary discharge, as with glycosuria.

**gly·co·sam·ine** (gli-ko′sə-mēn)  an amino sugar, usually glucosamine.

**gly·cos·ami·no·gly·can** (gli″kōs-ə-me″no-gli′kan)  any of several high-molecular-weight linear heteropolysaccharides having disaccharide repeating units containing an *N*-acetylhexosamine and a hexose or hexuronic acid; either or both residues may be sulfated. This class of compounds includes the chondroitin sulfates, dermatan sulfates, heparan sulfate and heparin, keratan sulfates, and hyaluron. All except heparin occur in proteoglycans. One or more glycosaminoglycans are accumulated abnormally in the various mucopolysaccharidoses. Abbreviated GAG. Formerly called *mucopolysaccharide.*

**gly·co·se·cre·to·ry** (gli″ko-se-kre′to-re)  causing or concerned in the deposition of glycogen.

**gly·co·se·mia** (gli″ko-se′me-ə)  glycemia.

**gly·co·si·a·lia** (gli″ko-si-a′le-ə) [*glyco-* + *sial-* + *-ia*]  presence of glucose in the saliva.

**gly·co·si·a·lor·rhea** (gli″ko-si″ə-lo-re′ə) [*glyco-* + *sialo-* + *-rrhea*]  excessive flow of saliva containing glucose.

**gly·co·si·dase** (gli-ko′sĭ-dās)  glycosylase; sometimes restricted to those catalyzing the hydrolytic cleavage of *O-*, or *S*-linked glycosyl compounds specifically [EC 3.2.1].

β-g.  1. a glycosidase specifically cleaving β-linked sugar residues from glycosides.  2. see under *complex.*

**gly·co·side** (gli′ko-sīd)  any compound that contains a carbohydrate molecule (sugar), particularly any such natural product in plants, convertible, by hydrolytic cleavage, into sugar and a nonsugar component (aglycon), and named specifically for the sugar contained, as glucoside (glucose), pentoside (pentose), fructoside (fructose), etc.

cardiac g.  any of a group of glycosides characterized by an aglycone consisting of a steroid nucleus with an α,β-unsaturated lactone ring attached at the C-17 position, occurring in certain plants (e.g., *Digitalis, Strophanthus, Urginea*). Cardiac glycosides increase the force of contraction of cardiac muscle and some are used as cardiotonics and antiarrhythmics.

digitalis g.  any of a number of cardiotonic and antiarrhythmic glycosides derived from *Digitalis purpurea* and *D. lanata*, consisting of a steroid nucleus with an α, β-unsaturated lactone ring attached at the C-17 position and a digitoxose moiety attached at C-3. The term is often used to denote any drug chemically and pharmacologically related to these glycosides, although not all are derived from *Digitalis* (e.g., ouabain); in this case it is equivalent to *cardiac g.*

**gly·co·some** (gli′ko-sōm)  a microbody (q.v.) containing glycolytic enzymes, occurring in protozoa of the order Kinetoplastida.

**gly·co·sphin·go·lip·id** (gli″ko-sfing″o-lip′id)  any sphingolipid in which the head group is a mono- or oligosaccharide unit; included are the cerebrosides, sulfatides, and gangliosides. See also *glycolipid.*

**gly·co·sphin·go·lip·i·do·sis** (gli″ko-sfing″o-lip″ĭ-do′sis) [*glyco-* + *sphingolipid* + *-osis*]  Fabry disease.

**gly·co·stat·ic** (gli″ko-stat′ik) [*glyco-* + *static*]  tending to maintain a constant sugar level.

**gly·cos·uria** (gli″ko-su′re-ə) [*glycose*, older variant of *glucose* + *-uria*]  the presence of glucose in the urine, especially excretion of an abnormally large amount in the urine, such as more than 1 g in 24 hours. Called also *dextrosuria* and *glucosuria.*

alimentary g.  digestive g.

benign g.  renal g.

digestive g.  normal glycosuria following the ingestion of sugar; called also *alimentary g.*

emotional g.  glycosuria induced by violent emotion.

epinephrine g.  glycosuria following the injection of epinephrine.

hyperglycemic g.  glycosuria associated with hyperglycemia.

magnesium g.  glycosuria due to high concentration of magnesium in the blood.

nondiabetic g., nonhyperglycemic g., normoglycemic g., orthoglycemic g.  renal g.

pathologic g.  appearance of large amounts of sugar in the urine for a considerable period of time.

phlorhizin g.  glycosuria following the experimental administration of phlorhizin.

renal g.  glycosuria occurring when there is only the normal amount of sugar in the blood, due to inability of the renal tubules to reabsorb glucose completely. Called also *nondiabetic* or *normoglycemic g.* and *renal diabetes.*

toxic g.  glycosuria produced by poisons.

**gly·co·syl** (gli′ko-sil″)  the radical formed from a saccharide by removal of the anomeric hydroxyl group.

**gly·co·syl·ase** (gli-ko′sə-lās) [EC 3.2]  any of a large subclass of enzymes of the hydrolase class that catalyze the hydrolytic cleavage of *O-*, *N-*, or *S*-linked glycosyl compounds; most are of broad specificity.

**gly·co·syl·at·ed** (gli-ko′sə-lāt″əd)  having formed a linkage with a glycosyl group.

**gly·co·syl·a·tion** (gli-ko″sə-la′shən)  the formation of linkages with glycosyl groups.

*N*-linked g.  the addition of an *N*-linked oligosaccharide to a protein, a cotranslational process occurring in the endoplasmic reticulum; the oligosaccharide is added as a preformed precursor that is modified by later processing.

nonenzymatic g.  glycation.

*O*-linked g.  the addition of an *O*-linked oligosaccharide to a protein, a process that occurs in the Golgi complex; the oligosaccharide is synthesized by sequential addition of individual sugars.

# EXHIBIT 2

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

| | |
|---|---|
| In re the Application of: | Confirmation No.: 2427 |
| Todd R. HENDERSON et al. | Group Art Unit: 1627 |
| Application No.: 12/566,449 | Examiner: WANG, Shengjun |
| Filed: September 24, 2009 | Attorney Docket No.: 031026-00161 |

For: USE OF ANABOLIC AGENTS, ANTI-CATABOLIC AGENTS, ANTIOXIDANT AGENTS AND ANALGESICS FOR PROTECTION, TREATMENT AND REPAIR OF CONNECTIVE TISSUES IN HUMANS AND ANIMALS

## DECLARATION OF CARMELITA G. FRONDOZA, Ph. D.

Carmelita G. Frondoza, Ph.D., under penalty of perjury, states as follows:

1.      I am a former Senior Director of Research and Development at Nutramax Laboratories, Inc. ("Nutramax"), the assignee of the above-identified patent application.

2.      This Declaration presents data from a study that I conducted to determine the effect of the combination of avocado/soybean unsaponifiables (ASU) and chondroitin sulfate (a glycosaminoglycan) on inflammatory markers associated with the joints.   The study shows that the combination of ASU and chondroitin sulfate has a statistically significant, synergistic effect on inflammatory markers, which is greater than the additive effect of ASU and chondroitin sulfate.   In particular, the study shows that the combination has a statistically significant, synergistic effect on the production of prostaglandin E2 ($PGE_2$) on mouse macrophage-monocyte cells.

3.      Joint health is dependent on several tissues, including cartilage, synovial tissues, and subchondral bone, as well as the associated ligaments and tendons.   The integrity of these tissues determines the overall health of the joint.   Cartilage cells (chondrocytes), synovial tissue cells (macrophage-like cells and fibroblast-like cells), and subchondral bone (osteocytes and osteoblasts), as well as cells in the ligaments and tendons, produce pro-inflammatory mediators which can cause pain and

destruction of the cartilage.  Certain disorders, such as osteoarthritis, are associated with overproduction of pro-inflammatory mediators.  Examples of pro-inflammatory mediators associated with osteoarthritis include prostaglandin $E_2$ ($PGE_2$), tumor necrosis factor-α (TNF-α), and interleukin-1β (IL-1β).  Excessive and prolonged production of these mediators is thought to cause a disturbance in the normal balance between degradation and normal turnover of articular cartilage.  Therefore, a reduction in the amount of inflammatory mediators, such as $PGE_2$, is a favorable effect.  To identify agents which inhibit and reduce the production of these mediators, cell-based screening assays are extremely helpful.  In the study I conducted, I used a cell-based, RAW mouse macrophage/monocyte cell model to evaluate the effect of the combination of ASU and chondroitin sulfate on the production of $PGE_2$.

4.      My study shows the effect of ASU and chondroitin sulfate on $PGE_2$ production in mouse RAW monocyte/macrophage cells (ATCC, USA).  Mouse RAW monocyte/macrophage cells were propagated in Dulbecco's Modified Eagle Medium Nutrient Mix F-12 (D-MEM/F-12, Invitrogen, USA) supplemented with 10% v/v fetal bovine serum (FBS, Invitrogen), 50 µg/ml ascorbic acid (Sigma-Aldrich, USA), and 50 µg/ml gentamycin (Invitrogen).  The cells were counted and assessed for viability using a hemacytometer and the Trypan blue excursion method (Sigma-Aldrich).  These cells were seeded at a density of $5 \times 10^5$ cells/well in six-well plates (Costar®, USA), and they were incubated at 37°C for 24 hours, 5% $CO_2$.  The cells were incubated with one of the following: (1) control media alone, (2) ASU (8.3 µg/mL), (3) chondroitin sulfate (20 µg/mL), or (4) the combination of ASU (8.3 µg/mL) and chondroitin sulfate (20 µg/mL).  Following this pre-treatment, the cells were activated with a cytokine, lipopolysaccharide (LPS, 20 ng/mL) or the combination of cytokines interleukin-1β (IL-1β) and tumor necrosis factor-α (TNF-α) for 24 hours.

5.      The study showed that the combination of ASU and chondroitin sulfate demonstrated a statistically significant reduction in $PGE_2$ production, compared to either ASU alone or chondroitin sulfate alone.  The mouse cells cultured for 24 hours with control media alone produced low levels of $PGE_2$ concentrations.  Activation with LPS significantly increased $PGE_2$ production approximately ten-fold ($p<0.001$).  ASU alone

suppressed PGE$_2$ production by approximately 30% ($p<0.05$), while chondroitin sulfate alone marginally inhibited PGE$_2$ production. The combination of ASU and chondroitin sulfate resulted in a 50% reduction in PGE$_2$ production, which is significantly lower than ASU or chondroitin sulfate alone ($p<0.05$). This is depicted in the figure below:



Effect of ASU and chondroitin sulfate (CS) on PGE$_2$ production by RAW monocyte/macrophage-like cells was analyzed using ELISA. Cells were incubated with media alone, ASU, CSU, or the ASU and CS combination for 24 hours then activated with LPS for an additional 24 hours. PGE$_2$ production is shown as the mean ± 1 SD of five representative runs.

6.    This study shows that the combination of ASU and chondroitin sulfate has a statistically significant synergistic effect on the reduction in PGE$_2$ production, compared to either ASU alone or chondroitin sulfate alone. A statistically significant reduction indicates a synergistic (and not merely additive) effect in decreasing PGE$_2$ production. A decrease in PGE$_2$ production is considered to be a beneficial property, as PGE$_2$ is associated with inflammation, and therefore a decrease in production of PGE$_2$ production is a desired property.

I state that all statements made in this declaration of my own knowledge are true, and that all statements made in this declaration on information and belief are believed to be true.

Date: 5 / 16 /13

Carmelita G. Frondoza, Ph. D.

# EXHIBIT 3

**Giardina, Julie**

| | |
|---|---|
| **From:** | Marty Pajor <MPajor@LiamVentures.com> |
| **Sent:** | Friday, November 30, 2018 10:46 AM |
| **To:** | Cox, John |
| **Subject:** | Re: Nutramax - Body Wise -- matter |

<span style="color:red">EXTERNAL EMAIL: Open Attachments and Links With Caution.</span>
I will work on supplying the information requested in your letter.
It was nice talking with you this morning.

---

**From:** Cox, John <John.Cox@wbd-us.com>
**Sent:** Friday, November 30, 2018 9:36 AM
**To:** Marty Pajor
**Subject:** Nutramax - Body Wise -- matter

Hello Marty,

Thanks for connecting this morning.  As discussed, you can find reach me at the contact information below.  We look forward to hearing from you next week so we can discuss a path forward.

Best regards,

John


**John W. Cox, Ph.D.**
Partner
Womble Bond Dickinson (US) LLP

**d:**  404-888-7432
**m:** 404-680-4949
**e:**  John.Cox@wbd-us.com

Atlantic Station
271 17th Street, NW
Suite 2400
Atlanta, GA 30363-1017




**womblebonddickinson.com**
  


This email is sent for and on behalf of Womble Bond Dickinson (US) LLP. Womble Bond Dickinson (US) LLP is a member of Womble Bond Dickinson (International) Limited, which consists of independent and autonomous law firms providing services in the US, the UK, and elsewhere around the world. Each Womble Bond Dickinson entity is a separate legal entity and is not responsible for the acts or omissions of, nor can bind or obligate, another Womble Bond Dickinson entity. Womble Bond Dickinson (International) Limited does not practice law. Please see www.womblebonddickinson.com/us/legal-notice for further details.

# EXHIBIT 4

**Giardina, Julie**

---

| | |
|---|---|
| **From:** | Cox, John |
| **Sent:** | Friday, December 07, 2018 3:28 PM |
| **To:** | 'Marty Pajor' |
| **Subject:** | RE: |

Hello Marty,

Thanks for your email – please call me John.

I will relay the details to Nutramax to see about reaching a resolution; I expect to get back to you by mid-week next week.  In the interim, I would like to clarify a few points:

   (i) Your email notes that Body Wise began selling Joint Complete on Amazon on June 28, 2018, with gross sales of $556 through Amazon, and with approximately $100,000 in gross sales in the past year "[t]hrough channels other than Amazon."  (A) On what date did Body Wise begin selling Joint Complete in (i) the US and (ii) Canada?  (B) What gross sales has Body Wise had of Joint Complete since it began selling the product?

   (ii) Your email also notes that "Body Wise is willing to stop selling Joint Complete on Amazon in exchange for a release of all claims and a dismissal of the lawsuit."  As an initial matter, Nutramax will need confirmation that Body Wise has stopped selling Body Wise through all channels, not just Amazon, before it can consider dismissal of the lawsuit.  Upon that confirmation, Nutramax will offer terms of settlement that will include dismissal of the suit, which we agree would be beneficial to both parties.

   (iii) During our call, I indicated that we are amenable to extending the deadline for Body Wise to answer the Complaint, but did not offer a specific extension or conditions.  That said, I can agree to extend the deadline for Body Wise to answer the Complaint by 21 days.  Should the parties agree that further extensions are warranted, we can submit those extensions to the Court at the appropriate time.  Therefore, we propose that we prepare for submission a 21-day extension and provide it to you for consideration next week.  If you prefer otherwise, please let me know.

Further to the above and our discussion last week, we remain interested in resolving this matter amicably and as soon as reasonably feasible.

Best regards,

John

**John W. Cox, Ph.D.**
Partner
Womble Bond Dickinson (US) LLP

| | | |
|---|---|---|
| **d:** | 404-888-7432 | Atlantic Station |
| **m:** | 404-680-4949 | 271 17th Street, NW |
| **e:** | John.Cox@wbd-us.com | Suite 2400 |
| | | Atlanta, GA 30363-1017 |



**womblebonddickinson.com**

  

**From:** Marty Pajor [mailto:MPajor@LiamVentures.com]
**Sent:** Friday, December 07, 2018 12:08 PM
**To:** Cox, John
**Subject:**

Dear Mr. Cox:

Per our conversation on Thursday November 29, I informed you that Body Wise did not receive any correspondence regarding the Nutramax claim until Tuesday November 27, when I received a copy of the lawsuit.  I immediately reached out to your California office and said we would respond to your request for information. During our conversation you stated that you are requesting Nutramax's September 10 letter be addressed.

For purposes of settlement only, we are providing the following information Nutramax requested in its September 10 letter. The letter requested the identification of the manufacturer and the ingredient suppliers for Joint Complete. The manufacturer is Vit Best. To the best of our knowledge, the ingredient supplier is Fine Living Pharmanaturals.

The letter also requested information regarding Body Wise's sales for Joint Complete. Body Wise began selling Joint Complete on Amazon on June 28, 2018. It has sold only eleven units with gross sales of $556 through Amazon. Through channels other than Amazon, Body Wise had approximately $100,000, in gross sales in the past year.

As I mentioned on our call, Body Wise is an extremely small company that employs under 10 people. It has been struggling to survive over the last 4 years and is continuing to downsize which prompted our move in August of this year, and which may explain why we did not receive your previous correspondence.  We understand that litigating the validity of Nutramax's patent will be expensive for both Nutramax and Body Wise. Given the relatively small amount of sales of this product,  Body Wise is willing to stop selling Joint Complete on Amazon in exchange for a release of all claims and a dismissal of the lawsuit. Please advise if this proposal is agreeable to Nutramax.

During our call, you stated that as long as we are discussing settlement that Nutramax was willing to extend the deadline by which Body Wise must answer Nutramax's complaint by 21 days. Please confirm in writing that Body Wise will have 21 days from the date the parties reach an impasse in settlement negotiations to answer the complaint and that Nutramax will not take any action to seek a default judgment in the interim. The 21 day deadline will be triggered when Nutramax notifies me in writing that the parties have reached an impasse. We hope that with good faith negotiations, we can resolve this before both sides incur substantial legal fees.

-Marty

# EXHIBIT 5

## Giardina, Julie

| | |
|---|---|
| **From:** | Cox, John |
| **Sent:** | Wednesday, December 12, 2018 12:52 PM |
| **To:** | 'Marty Pajor' |
| **Subject:** | RE: |

Hello Marty,

Yes -- I am around from 230-530 ET today.  You can reach me at 404 888 7432.

Best regards,

John

**John W. Cox, Ph.D.**
Partner
Womble Bond Dickinson (US) LLP

**d:**  404-888-7432
**m:**  404-680-4949
**e:**  John.Cox@wbd-us.com

Atlantic Station
271 17th Street, NW
Suite 2400
Atlanta, GA 30363-1017



**womblebonddickinson.com**

  

**From:** Marty Pajor [mailto:MPajor@LiamVentures.com]
**Sent:** Wednesday, December 12, 2018 11:54 AM
**To:** Cox, John
**Subject:**

John, are you available for a call today to discuss Body Wise.

# EXHIBIT 6

**Giardina, Julie**

| | |
|---|---|
| **From:** | Cox, John |
| **Sent:** | Thursday, December 13, 2018 2:00 PM |
| **To:** | 'Marty Pajor' |
| **Subject:** | Nutramax v Body Wise -- extension of time |
| **Attachments:** | Nutramax v Body Wise - PROPOSED (121318) Stipulation to Extend Time to Respond to Complaint.docx |

Hello Marty,

Thanks for your call yesterday.  As discussed, please find attached a proposed stipulation to extend the deadline for Body Wise to respond to the Complaint.  Please fill in the yellow highlighted portions and confirm that we may apply your signature.  We can then file this on behalf of both parties to get the extension.

As we discussed, we are hopeful that we can resolve this matter prior to the new deadline, January 20.

Best regards,

John


**John W. Cox, Ph.D.**
Partner
Womble Bond Dickinson (US) LLP

| | |
|---|---|
| **d:**  404-888-7432 | Atlantic Station |
| **m:** 404-680-4949 | 271 17th Street, NW |
| **e:**  John.Cox@wbd-us.com | Suite 2400 |
| | Atlanta, GA 30363-1017 |



**womblebonddickinson.com**

  

1

Brenton R. Babcock (SBN 162,120)
Brent.Babcock@wbd-us.com
WOMBLE BOND DICKINSON (US) LLP
3200 Park Center Drive, Suite 700
Costa Mesa, CA 92626
Telephone: (714) 557-3800
Facsimile: (714) 557-3347

John W. Cox, Ph.D. (*pro hac vice*)
John.Cox@wbd-us.com
WOMBLE BOND DICKINSON (US) LLP
271 17th Street, NW, Suite 2400
Atlanta, GA 30363
Telephone: (404) 888-7000
Facsimile: (404) 879-2699

*Attorneys for Plaintiffs*
NUTRAMAX LABORATORIES, INC. and
NUTRAMAX LABORATORIES CONSUMER CARE, INC.

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### SOUTHERN DIVISION

| | |
|---|---|
| NUTRAMAX LABORATORIES, INC. and NUTRAMAX LABORATORIES CONSUMER CARE, INC, | Case No. 8:18-cv-02076 |
| Plaintiffs, | **STIPULATION TO EXTEND TIME TO RESPOND TO INITIAL COMPLAINT BY NOT MORE THAN 30 DAYS (L.R. 8-3)** |
| v. | |
| BODY WISE INTERNATIONAL, INC., | Complaint Served: November 29, 2018 |
| Defendant. | Current Response Date: December 20, 2018 |
| | New Response Date: January 10, 2019 |

The undersigned counsel of record for Plaintiffs Nutramax Laboratories, Inc. and Nutramax Laboratories Consumer Care, Inc. (collectively, "Nutramax" or "Plaintiff") and Chief Financial Officer for Defendant Body Wise International, Inc. ("Defendant"), pursuant to Local Rule 8-3, hereby stipulate to extend the time for Defendant to respond to the Complaint filed by Nutramax on November 20, 2018 (Dkt. No. 1).  The Complaint was served on November 29, 2018 (*see* Dkt. No. 14) and Defendant's response is currently due on December 20, 2018.  Defendant has requested a 21-day extension, and counsel for Nutramax has no objection to the request.  Therefore, the Parties hereby stipulate that Defendant's response to the Complaint is due on or before January 10, 2019.

Dated: December __, 2018                    Respectfully submitted,

By: */s/*                                   By: */s/ Brenton R. Babcock*
Martin Pajor                                Brenton R. Babcock
Chief Financial Officer                     Brent.Babcock@wbd-us.com
Body Wise Int'l, Inc.                       WOMBLE BOND DICKINSON (US) LLP
_____                           3200 Park Center Drive, Suite 700
_____                           Costa Mesa, CA 92626
_____                           (714) 557-3800 (telephone)
                                            (714) 557-3347 (facsimile)

                                            John W. Cox, Ph.D. (*pro hac vice*)
                                            John.Cox@wbd-us.com
                                            WOMBLE BOND DICKINSON (US) LLP
                                            271 17th Street, NW, Suite 2400
                                            Atlanta, GA 30363
                                            (404) 888-7000 (telephone)
                                            (404) 879-2699 (facsimile)

                                            *Attorneys for Plaintiffs*
                                            Nutramax Laboratories, Inc. and
                                            Nutramax Laboratories Consumer
                                            Care, Inc.

        Pursuant to Local Rule 5-4.3.4(a)(2)(i), the undersigned attests that all signatories listed above concur in the content of this filing and have authorized the filing.

                                            By: */s/ Brenton R. Babcock*
                                            Brenton R. Babcock

## <u>CERTIFICATE OF SERVICE</u>

On this date, December ___, 2018, the undersigned will serve upon

Defendant via electronic mail the filed copy of:

**Stipulation of Extend Time of Respond to Initial Complaint By Not**

**More Than 30 Days (L.R. 8-3)**

By: */s/ Brenton R. Babcock*
Brenton R. Babcock

*Attorneys for Plaintiffs*
Nutramax Laboratories, Inc. and
Nutramax Laboratories Consumer
Care, Inc.

# EXHIBIT 7

**Giardina, Julie**

---

| | |
|---|---|
| **From:** | Cox, John |
| **Sent:** | Thursday, December 20, 2018 9:29 AM |
| **To:** | 'Marty Pajor' |
| **Subject:** | RE: RE: |

Hello Marty,

Further to my email below, please let me know if we may enter the extension and provide your contact details so we can add them to the document.  The information sought by Mr. Jesic's correspondence should be easily provided to Nutramax and we expect that we can then amicably settle the case and dismiss the lawsuit.

Best Regards,

John

---

**From:** Cox, John
**Sent:** Tuesday, December 18, 2018 10:42 AM
**To:** 'Marty Pajor'
**Subject:** RE:

Hello Marty,

Thanks for your email and confirming that Body Wise has abandoned Joint Complete.

Further to our discussion and the correspondence (from Slaven Jesic, me, and Brent Babcock), Nutramax still requires the information requested in the letters from Mr. Jesic.  I appreciate your representations regarding Body Wise's status as a company, including that an extension will not change its situation, and I appreciate how that impacts any settlement.  That said, as Nutramax alleged in the Complaint, Body Wise has infringed on Nutramax's intellectual property.

While Nutramax requires the information requested in Mr. Jesic's letters to pursue an informed settlement and dismissal of the lawsuit, we would prefer not going through a default judgment proceeding in order to do so.  With the extension, we are confident that we can reach an agreement and dismissal.  Absent the extension and without a filing in response to the Complaint by Body Wise by Thursday, Nutramax would be forced to pursue the same information requested in Mr. Jesic's letters at additional cost.  Therefore, I request again that Body Wise agree to the extension (that Nutramax prepared at its own expense) and provide the requested information.

Best regards,

John


**John W. Cox, Ph.D.**
Partner
Womble Bond Dickinson (US) LLP

| | |
|---|---|
| **d:**  404-888-7432 | Atlantic Station |
| **m:** 404-680-4949 | 271 17th Street, NW |
| **e:**  John.Cox@wbd-us.com | Suite 2400 |

1

Atlanta, GA 30363-1017



**womblebonddickinson.com**

  

This email is sent for and on behalf of Womble Bond Dickinson (US) LLP. Womble Bond Dickinson (US) LLP is a member of Womble Bond Dickinson (International) Limited, which consists of independent and autonomous law firms providing services in the US, the UK, and elsewhere around the world. Each Womble Bond Dickinson entity is a separate legal entity and is not responsible for the acts or omissions of, nor can bind or obligate, another Womble Bond Dickinson entity. Womble Bond Dickinson (International) Limited does not practice law. Please see www.womblebonddickinson.com/us/legal-notice for further details.

**From:** Marty Pajor [mailto:MPajor@LiamVentures.com]
**Sent:** Monday, December 17, 2018 5:22 PM
**To:** Cox, John
**Subject:** FW:

Dear Mr. Cox:

Thank you for offering to extend the time we have to respond to  your client's Complaint served on November 29, 2018.

We believe filing the extension will not change our underlying situation.  As stated in our communications both written and verbally, we are not in a financial condition to  defend this Complaint.  We cannot afford legal counsel to weigh the merits of the Complaint or satisfy any monetary awards if the Complaint is pursued. As you astutely commented during our phone call "you cannot get blood out of a turnip".

We have complied with the most important aspect of your Complaint – Effective December 13, 2018 we have ceased selling our Joint Complete on Amazon.
We have also ceased selling Joint Complete to all  customers. We have abandoned Joint Complete.

Since this satisfies your demand  we  request your client's Complaint be withdrawn.

# EXHIBIT 8

**Giardina, Julie**

---

| | |
|---|---|
| **From:** | Cox, John |
| **Sent:** | Monday, January 28, 2019 2:13 PM |
| **To:** | Giardina, Julie |
| **Subject:** | FW: Nutramax Laboratories, Inc. v. Body Wise International, Inc., Case No. 8:18-cv-02076 |
| **Attachments:** | 2019.01.02 [018] Nutramax's Resp. to Order to Show Cause.pdf; Cox Dec - Ex 8 - Cox to Pajor email (010319) RE Nutramax Laboratories Inc. v. Body Wise International Inc. Case No. 818-cv-02076.msg |

---

**From:** Cox, John
**Sent:** Thursday, January 3, 2019 8:01 AM
**To:** mpajor@liamventures.com
**Subject:** RE: Nutramax Laboratories, Inc. v. Body Wise International, Inc., Case No. 8:18-cv-02076

Marty,

Further to our correspondence below, please find Nutramax's response to the Court's Order to Show Cause, filed yesterday.  As you can see, the Court entered the default of Body Wise in view of Nutramax's Application to the Clerk for Entry of Default against Defendant Body Wise (the document provided by the email below) and Nutramax is continuing to pursue relief, including the information requested in earlier correspondence.

Regards,

John


**John W. Cox, Ph.D.**
Partner
Womble Bond Dickinson (US) LLP

**d:**  404-888-7432
**m:** 404-680-4949
**e:**  John.Cox@wbd-us.com

Atlantic Station
271 17th Street, NW
Suite 2400
Atlanta, GA 30363-1017



**womblebonddickinson.com**

  


This email is sent for and on behalf of Womble Bond Dickinson (US) LLP. Womble Bond Dickinson (US) LLP is a member of Womble Bond Dickinson (International) Limited, which consists of independent and autonomous law firms providing services in the US, the UK, and elsewhere around the world. Each Womble Bond Dickinson entity is a separate legal entity and is not responsible for the acts or omissions of, nor can bind or obligate, another Womble Bond Dickinson entity. Womble Bond Dickinson (International) Limited does not practice law. Please see www.womblebonddickinson.com/us/legal-notice for further details.

**From:** Giardina, Julie
**Sent:** Monday, December 31, 2018 6:12 PM

**To:** mpajor@liamventures.com
**Cc:** Babcock, Brent; Cox, John
**Subject:** Nutramax Laboratories, Inc. v. Body Wise International, Inc., Case No. 8:18-cv-02076

Mr. Pajor,

Attached for service, please find: (1) Plaintiffs' Application for the Clerk to Enter Default Against Defendant Body Wise International, Inc.; and (2) Declaration of John W. Cox in Support of Plaintiffs' Application for the Clerk to Enter Default Against Defendant Body Wise International, Inc., which were filed today in the above referenced case.

Best regards,
Julie

**Julie Giardina**
Paralegal
Womble Bond Dickinson (US) LLP

**d:** 410-545-5802                  100 Light Street, 26th Floor
**m:** 443-618-2616                 Baltimore, MD 21202
**e:** Julie.Giardina@wbd-us.com



**womblebonddickinson.com**

 

# EXHIBIT 9



**Womble Bond Dickinson (US) LLP**
3200 Park Center Drive, Suite 700
Costa Mesa, California 92626

Tel: (714)557-3800
Fax: (714)371-2641
www.womblebonddickinson.com

January 16, 2019
Matter Number 89641.0009.9
Bill Number 4199520
STATEMENT FOR SERVICES RENDERED

Nutramax Laboratories
946 Quality Drive
Lancaster, SC  29720

RE:    Nutrimax Labs v. Body Wise

FOR PROFESSIONAL SERVICES RENDERED THROUGH 12/31/2018 ████
DISBURSEMENTS THROUGH 12/31/2018 _____ $97.51

**CURRENT TOTAL** _____ ████

████████████████████████████████████████

████████████████████████████████████

| If paying by check or online banking bill payment, please remit payment **DUE ON RECEIPT** to the following address: | If paying by wire, please remit payment **DUE ON RECEIPT** as follows: | |
|---|---|---|
| PO Box 601879 Charlotte, North Carolina 28260-1879 | Wells Fargo Bank, N.A. 1525 W.T. Harris Blvd. Charlotte, NC 28288 | For Credit To: Womble Bond Dickinson (US) LLP One West Fourth Street Winston-Salem, NC 27101 |
| **Please *do not* use the above address for trust funds or retainer payments.** Please send all trust funds and retainer payments directly to One West Fourth Street, Winston-Salem, NC 27101. | | |
| | **PLEASE include our bill # and client/matter# on EFT, or e-mail remittance advice to AccountsReceivable@wbd-us.com.** | |
| | ████ | |
| Accounting questions regarding your invoices can be directed to (336)728–7040 or AccountsReceivable@wbd-us.com. | | |

IF PAYING BY CHECK, PLEASE RETURN THIS PAGE WITH PAYMENT

THANK YOU FOR YOUR BUSINESS

Nutramax Laboratories, Inc.                                                89641.0009.9/4199520
Nutrimax Labs v. Body Wise

**ITEMIZED SERVICES BILL**

| Date: | Description: | Attorney: | Hours: |
|---|---|---|---|
| ███ | ████████ | ████████ | ██ |
| ███ | ████████ | █████████ | ██ |
| ███ | ████████████ | ████████ | ██ |
| ███ | ████████████ | ██████ | ██ |
| ███ | ████████████ | ████████ | ██ |
| ███ | ████████████ | ████████ | ██ |
| 12/18/2018 | Consider issues related to default and correspond with B. Babcock regarding same; confer with M. Pajor from BodyWise regarding settlement and extension | Cox, John W. | 0.70 |
| 12/20/2018 | Consider issues related to default; correspond with S. Jesic and B. Babcock regarding same (No Charge) | Cox, John W. | 0.00 |
| 12/27/2018 | Attention to potential entry of default by clerk; review, forward, and comment on minute Order to Show Cause from the Court | Babcock, Brenton R. | 0.50 |
| 12/27/2018 | Confer and correspond with other team members regarding default and options related to same; confer with S. Jesic regarding same | Cox, John W. | 0.40 |
| ████ | ████████████ | ████████ | ██ |
| 12/28/2018 | Attorney conference with John Cox regarding case strategy and minute Order to Show Cause from the Court (No Charge) | Babcock, Brenton R. | 0.00 |
| 12/31/2018 | Attention to application to court clerk for entry of default against defendant Body Wise; revise and finalize said application; communicate with team regarding same | Babcock, Brenton R. | 1.20 |
| 12/31/2018 | Prepare filings requesting entry of default; correspond with other team members regarding same | Cox, John W. | 0.40 |
| 12/31/2018 | Draft application for entry of default and declaration in support of same; communications with J. Cox regarding same; finalize, file, and serve application for entry of default and declaration in support of same; communications with J. | Giardina, Julie C.* | 1.50 |

Nutramax Laboratories, Inc.
Nutrimax Labs v. Body Wise

89641.0009.9/4199520

Cox and B. Babcock regarding same

|  | **Total for Services:** | $ ███████ |
|---|---|---|

\*    If an asterisk appears above, it designates a Legal Assistant or other non-lawyer professional.

Nutramax Laboratories, Inc.                                                          89641.0009.9/4199520
Nutrimax Labs v. Body Wise

**DISBURSEMENTS AND OTHER CHARGES**

| Date: | Description: | Amount: |
|---|---|---|
| Nov 20, 2018 | Express Delivery Charge<br>Federal Express Corporation; 783891484680; Body Wise International, Inc., Sir or Madam, SANTA ANA, CA | $ 26.63 |
| Nov 20, 2018 | Express Delivery Charge<br>Federal Express Corporation; 783891383566; Body Wise International, Inc., Sir or Madam, SANTA ANA, CA | $ 26.63 |
| Dec 8, 2018 | Filing Fee<br>First Legal Network - E-filing of proof of service and courtesy copies to Judge | $ 44.25 |
| | **Total Disbursements:** | $ 97.51 |

Any disbursement appearing on our statements as Business Meals and Entertainment is stated at cost.  The Revenue Reconciliation Act of 1993 reduced the deductibility of these expenses to you from 80% to 50%.  We maintain the supporting documentation for these costs and will make the documentation available to you upon request.

Nutramax Laboratories, Inc.
Nutrimax Labs v. Body Wise

89641.0009.9/4199520

### TIMEKEEPER SUMMARY

| Attorney: | | Hours: | | Amount: | | Rate: |
|---|---|---|---|---|---|---|
| Babcock, Brenton R. | | ██ | | ████ | | $ 730.00 |
| Cox, John W. | | ██ | | ████ | | $ 625.00 |
| Giardina, Julie C.* | | ██ | | ███ | | $ 235.00 |
| **Totals:** | | ██ | | ████ | | |

\*  If an asterisk appears above, it designates a Legal Assistant or other non-lawyer professional.

### Use of Legal Support Service Providers

In an effort to continue delivering cost effective services, WBD (US) uses legal support service providers located both inside and outside the U.S. to assist with help desk and technology issues, word processing, time entry, photocopying and other administrative tasks. In order for these service providers to complete these tasks, we must share certain client information. WBD (US) has made reasonable efforts to ensure that these services are performed in a manner that is consistent with our firm's obligations under the relevant Rules of Professional Conduct with regard to maintaining client confidentiality and supervision of non-lawyer assistants, and the firm bears responsibility for the resulting work product.  As part of the engagement with the firm, you agree and consent to the use of the services of these providers in the manner stated above.

# EXHIBIT 10



**WOMBLE BOND DICKINSON**

**Womble Bond Dickinson (US) LLP**
3200 Park Center Drive, Suite 700
Costa Mesa, California 92626

Tel: (714)557-3800
Fax: (714)371-2641
www.womblebonddickinson.com

January 29, 2019
Matter Number 89641.0009.9
Bill Number 4201674
STATEMENT FOR SERVICES RENDERED

Nutramax Laboratories
946 Quality Drive
Lancaster, SC  29720

RE:    Nutrimax Labs v. Body Wise

FOR PROFESSIONAL SERVICES RENDERED THROUGH 01/25/2019
DISBURSEMENTS THROUGH 01/25/2019                              $28.75

**CURRENT TOTAL**

Our accounting records indicate the following invoices remain outstanding as of January 29, 2019.

1

| If paying by check or online banking bill payment, please remit payment **DUE ON RECEIPT** to the following address: | If paying by wire, please remit payment **DUE ON RECEIPT** as follows: |
|---|---|
| PO Box 601879<br>Charlotte, North Carolina 28260-1879<br><br>**Please *do not* use the above address for trust funds or retainer payments**. Please send all trust funds and retainer payments directly to One West Fourth Street, Winston-Salem, NC 27101. | Wells Fargo Bank, N.A.<br>1525 W.T. Harris Blvd.<br>Charlotte, NC 28288<br><br>For Credit To:<br>Womble Bond Dickinson (US) LLP<br>One West Fourth Street<br>Winston-Salem, NC 27101<br><br>**PLEASE include our bill # and client/matter# on EFT, or e-mail remittance advice to AccountsReceivable@wbd-us.com.** |

Accounting questions regarding your invoices can be directed to (336)728–7040 or AccountsReceivable@wbd-us.com.

**IF PAYING BY CHECK, PLEASE RETURN THIS PAGE WITH PAYMENT**

**THANK YOU FOR YOUR BUSINESS**

Nutramax Laboratories, Inc.
Nutrimax Labs v. Body Wise

89641.0009.9/4201674

## ITEMIZED SERVICES BILL

| Date: | Description: | Attorney: | Hours: |
|---|---|---|---|
| ███ | ████████████ | ██████ | ██ |
| ███ | ████████████ | ████ | ██ |
| ███ | ████████████ | ████ | ██ |
| 01/10/2019 | Attention to case status and procedures for seeking a default judgment; attorney conference with John Cox regarding the same | Babcock, Brenton R. | 0.30 |
| 01/10/2019 | Consider requirements in CDCal for seeking relief via default judgment; confer and correspond with other team members regarding; review Court's entry of default; review correspondence from M. Pajor of BodyWise; review correspondence with S. Jesic regarding same | Cox, John W. | 0.70 |
| 01/11/2019 | Work on memorandum of points and authorities in support of motion for default judgment | Giardina, Julie C.* | 6.40 |
| 01/14/2019 | Work on drafting memorandum of points and authorities in support of motion for default judgment; communications with J. Cox regarding same; work on drafting notice of motion and motion for default judgment and proposed order | Giardina, Julie C.* | 4.50 |
| 01/15/2019 | Draft claim chart for '289 patent; communications with J. Cox regarding same | Giardina, Julie C.* | 0.40 |
| 01/16/2019 | Review filings related to default judgment and related documents; consider strategy and correspondence from S. Jesic related to same; review claim construction summary and patents, and prepare claim construction positions for motion for default judgment; confer with S. Jesic and correspond with B. Babcock and J. Giardina regarding same | Cox, John W. | 3.30 |
| 01/17/2019 | Review and revise motion for default judgment; confer and correspond with other team members regarding same; review draft declarations for same and pleadings and exhibits in support of same | Cox, John W. | 3.50 |
| 01/17/2019 | Work on declaration in support of motion for default judgment; communications with J. Cox regarding same | Giardina, Julie C.* | 0.40 |
| 01/18/2019 | Review and revise declarations in support of motion for | Cox, John W. | 3.30 |

Nutramax Laboratories, Inc.
Nutrimax Labs v. Body Wise

89641.0009.9/4201674

default judgment; prepare claim construction and
infringement analysis for same; review file history of
asserted patent

| ████ | ████ | ████ | ████ |
|---|---|---|---|
| 01/22/2019 | Review and revise Motion for Default Judgment (0.5); provide comments to John Cox regarding same (1.0) | Babcock, Brenton R. | 1.50 |
| 01/22/2019 | Revise motion for default judgment; review and revise declarations in support of same; revise claim construction and infringement analysis for same; prepare exhibits for same; correspond with other team members regarding same | Cox, John W. | 4.00 |
| 01/22/2019 | Work on cite checking claim construction chart in support of motion for default; communications with J. Cox regarding same | Giardina, Julie C.* | 1.50 |
| 01/23/2019 | Attention to damages issues for motion for default judgment and telephone conference with expert witness ████ ████ regarding same | Babcock, Brenton R. | 0.30 |
| 01/24/2019 | Attention to motion for default judgment and attorney conference with John Cox regarding same | Babcock, Brenton R. | 0.30 |
| 01/24/2019 | Confer and correspond with S. Jesic regarding motion for judgment; review revisions to motion and related papers; correspond and confer with other team members regarding same | Cox, John W. | 1.70 |
| 01/24/2019 | Work on memo in support of motion for default judgment; communications with J. Cox regarding same | Giardina, Julie C.* | 1.50 |
| 01/25/2019 | Work on memo in support of motion for default judgment; communications with J. Cox regarding same; update pleadings and correspondence | Giardina, Julie C.* | 1.20 |

**Total for Services:** ████

\* If an asterisk appears above, it designates a Legal Assistant or other non-lawyer professional.

Nutramax Laboratories, Inc.
Nutrimax Labs v. Body Wise

89641.0009.9/4201674

**DISBURSEMENTS AND OTHER CHARGES**

| Date: | Description: | Amount: |
|---|---|---|
| Jan 2, 2019 | Copying/Printing<br>First Legal Network - Courtesy copies for Judge Carter of response to order to show cause | $ 28.75 |
| | **Total Disbursements:** | $ 28.75 |

Any disbursement appearing on our statements as Business Meals and Entertainment is stated at cost. The Revenue Reconciliation Act of 1993 reduced the deductibility of these expenses to you from 80% to 50%. We maintain the supporting documentation for these costs and will make the documentation available to you upon request.

Nutramax Laboratories, Inc.                                                                89641.0009.9/4201674
Nutrimax Labs v. Body Wise

**TIMEKEEPER SUMMARY**

| Attorney: | Hours: | Amount: | Rate: |
|---|---|---|---|
| Babcock, Brenton R. | ███ | ██████ | $ 730.00 |
| Cox, John W. | ███ | ██████ | $ 625.00 |
| Giardina, Julie C.* | ███ | ██████ | $ 290.00 |
| ██████████ | ███ | ██████ | ██████ |
| **Totals:** | ███ | ██████ | |

\*  If an asterisk appears above, it designates a Legal Assistant or other non-lawyer professional.

### Use of Legal Support Service Providers

In an effort to continue delivering cost effective services, WBD (US) uses legal support service providers located both inside and outside the U.S. to assist with help desk and technology issues, word processing, time entry, photocopying and other administrative tasks. In order for these service providers to complete these tasks, we must share certain client information. WBD (US) has made reasonable efforts to ensure that these services are performed in a manner that is consistent with our firm's obligations under the relevant Rules of Professional Conduct with regard to maintaining client confidentiality and supervision of non-lawyer assistants, and the firm bears responsibility for the resulting work product.  As part of the engagement with the firm, you agree and consent to the use of the services of these providers in the manner stated above.