JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No. SA CV 18-2076-DOC (KESx)          Date: April 10, 2019

Title: NUTRAMAX LABORATORIES, INC. ET AL. V. BODY WISE INTERNATIONAL, INC.

---

PRESENT:

THE HONORABLE DAVID O. CARTER, JUDGE

| Deborah Lewman | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFF: | ATTORNEYS PRESENT FOR DEFENDANTS: |
|---|---|
| None Present | None Present |

---

**PROCEEDINGS (IN CHAMBERS):**    **ORDER GRANTING APPLICATION FOR DEFAULT JUDGMENT [21]**

Before the Court is Plaintiffs Nutramax Laboratories, Inc. ("Nutramax" or "Nutramax Labs") and Nutramax Laboratories Consumer Care, Inc.'s ("Nutramax Consumer Care") Motion for Default Judgment (Dkt. 21). The Court finds this matter appropriate for resolution without oral argument. Fed. R. Civ. P. 78; L.R. 7-15. After considering all relevant filings, the Court GRANTS the Motion for Default Judgment.

**I.   Background**

   **A.   Facts**

The following facts are drawn from the Complaint ("Compl.") (Dkt. 1). Plaintiffs assert three claims for patent infringement against Defendant Body Wise International, Inc. ("Body Wise"). Compl. ¶¶ 29–48. Nutramax Labs retains ownership and interest over (1) United States Patent Number 6,797,289 (the "'289 Patent"); and (2) United

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SA CV 18-2076-DOC (KESx)　　　　　　　　　　　　　　　　　Date: April 10, 2019
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Page 2

States Patent Number 8,753,697 (the "'697 Patent" and together with the '289 Patent, the "Asserted Patents"). *Id.* ¶¶ 6–8. The patents were issued by the U.S. Patent and Trademark Office ("USPTO") on September 28, 2004 and July 17, 2014, respectively. *Id.* Nutramax Consumer Care is an affiliate of Nutramax Labs and a licensee of the Asserted Patents. *Id.*

Since 1992, Nutramax Labs has spent decades and millions of dollars researching, developing, marketing, distributing, and selling high-quality and well-respected nutritional supplement products. *Id.* ¶¶ 1–2, 10. Nutramax Labs is a leader in producing products that contain combinations of avocado-soybean unsaponifiables ("ASU"), glucosamine, and chondroitin sulfate used in the management of joint health. *Id.* ¶ 11. Nutramax obtained patents to protect its innovative solutions in the joint health field. *Id.* ¶ 12.

Defendant Body Wise is a Delaware corporation authorized to do business in California, and its principal place of business is in Irvine, California. *Id.* ¶ 3. Recently, Body Wise has competed directly with Nutramax to supply nutritional supplement products combining ASU, glucosamine, and chondroitin sulfate to consumers for the improvement of joint health. *Id.* ¶ 13. Nutramax alleges that Body Wise's "Joint Complete" product has diverted sales away from Nutramax by infringing on the Asserted Patents. *Id.* ¶¶ 13–14.

In addition to directly infringing the Asserted Patents, Nutramax alleges that Body Wise has indirectly infringed at least Claim 21 of the '697 Patent by instructing, directing, and/or requiring others, including its customers, purchasers, users, and developers, to perform all or some of the steps of the claimed method. *Id.* ¶ 15. The combination of the abovementioned ingredients falls within one or more claims of the '289 Patent and the '697 Patent. *Id.* ¶¶ 25–28. Plaintiffs also allege that Defendant willfully infringed and continues to willfully infringe the Asserted Patents. *Id.* ¶¶ 29–48. On September 10, 2018, Nutramax provided Body Wise actual notice of its patent infringement. *Id.* ¶ 28. Nutramax sent a second notice letter on October 4, 2018. *Id.*

### B.　Procedural History

On November 20, 2018, Plaintiffs filed the Complaint. Plaintiffs assert claims under 35 U.S.C. § 1 *et seq.*, including §§ 271 and 281 for (1) direct patent infringement of '289 Patent; (2) direct patent infringement of '697 Patent; and (3) direct and indirect patent infringement of Claim 21 of the '697 Patent under 35 U.S.C. § 271(b). Compl. ¶¶ 29–48. Plaintiffs seek treble damages for willful infringement pursuant to 35 U.S.C. §

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SA CV 18-2076-DOC (KESx)                          Date: April 10, 2019
                                                                                                                    Page 3

284, a permanent injunction, pre- and post-judgment interests, and reasonable attorneys' fees and costs pursuant to 35 U.S.C. § 285. *Id.* at 14–15.

On December 31, 2018, Plaintiffs requested the Clerk enter default against Defendant (Dkt. 16). On January 2, 2019, the Clerk entered default pursuant to Fed. R. Civ. P. 55(a) (Dkt. 17). On January 29, 2019, Plaintiffs filed this Motion.

## II.     Legal Standard

Federal Rule of Civil Procedure 55(b) provides that the Court may, in its discretion, order default judgment following the entry of default by the Clerk. Fed. R. Civ. P. 55(b). Local Rule 55 sets forth procedural requirements that must be satisfied by a party moving for default judgment. C.D. Cal. R. 55. Entry by the Clerk is proper when the amount of damages is "for a sum certain or a sum that can be made certain by computation"; entry by the Court is proper "[i]n all other cases." Fed. R. Civ. P. 55(b). Upon entry of default, the well-pleaded allegations of the complaint are taken as true, with the exception of allegations concerning the amount of damages. *See, e.g.*, *Geddes v. United Fin. Group*, 559 F.2d 557, 560 (9th Cir. 1977). However, "necessary facts not contained in the pleading, and claims which are legally insufficient, are not established by default." *Cripps v. Life Ins. Co. of N. Am.*, 980 F.2d 1261, 1267 (9th Cir. 1992). Where the pleadings are insufficient, the Court may require the moving party to produce evidence in support of the motion for default judgment. *See TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917–18 (9th Cir. 1987).

When deciding whether to enter default judgment, courts consider seven factors:

> (1) the possibility of prejudice to the plaintiff; (2) the merits of plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SA CV 18-2076-DOC (KESx)                                        Date: April 10, 2019
                                                                                                     Page 4

### III. Discussion

#### A. Procedural Requirements

Plaintiffs have satisfied the requirements of Local Rules 55-1 and 55-2 and Federal Rule of Civil Procedure 55(b). Plaintiffs have requested (Dkt. 16) and received (Dkt. 17) an entry of default against Defendant. Having determined Plaintiffs' procedural compliance, the Court turns to the substance of Plaintiffs' Motion.

#### B. *Eitel* Factors

##### 1. The Possibility of Prejudice to Plaintiffs

The first *Eitel* factor requires the Court to consider the harm to plaintiff if the Court does not grant default judgment. *See PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002). Here, without an entry of default judgment Plaintiffs will be prejudiced and denied the right to a judicial resolution of the claims presented, and without other recourse for recovery. *See id.* Given the situation alleged, Nutramax "will likely suffer great prejudice through the loss of sales and diminution of goodwill if default is not entered." *Philip Morris USA, Inc. v. Castworld Prods., Inc.*, 219 F.R.D. 494, 499 (C.D. Cal. 2003). Body Wise has ignored repeated warnings that it is violating Nutramax's rights by continuing to sell Body Wise's allegedly infringing products. Accordingly, the Court finds that this factor weighs in favor of default judgment.

##### 2. Merits of Claim and Sufficiency of the Complaint

Courts often consider the second and third *Eitel* factors together. *See PepsiCo*, 238 F. Supp. 2d at 1175. The second and third *Eitel* factors favor default judgment where the complaint states a claim for relief. *Id.* at 1177 (citing *Danning v. Lavine*, 572 F.2d 1386, 1388 (9th Cir. 1978)). In their analyses of the second and third *Eitel* factors, courts accept as true all well-pleaded allegations regarding liability. *See Fair Hous. of Marin v. Combs*, 285 F.3d 899, 906 (9th Cir. 2002).

Here, Plaintiffs allege that Body Wise's joint health product directly and indirectly infringe on the Asserted Patents. *See generally* Compl. The Court now examines whether Nutramax has sufficiently alleged facts that would permit recovery under these theories of liability.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SA CV 18-2076-DOC (KESx)                          Date: April 10, 2019
                                                                                                                           Page 5

### a. Direct Patent Infringement

To establish a direct infringement claim under 35 U.S.C. § 271(a), Nutramax must show: (1) ownership of the Asserted Patents; (2) infringement of one or more claims of the Asserted Patents by "making, selling or using" devices embodying the patented inventions; (3) that it has provided Body Wise notice of its infringement; and (4) a demand for damages and/or injunctive relief. *See HeadBlade, Inc. v. Products Unlimited, LLC*, CV 15-02611 SJO (VBKx), 2016 WL 6237900 (C.D. Cal May 5, 2016) (citing *McZeal v. Spring Nextel Corp.*, 501 F.3d 1354, 356–57 (Fed. Cir. 2007); *see also* 35 U.S.C. § 271(a)).

Nutramax has sufficiently alleged each of these elements. First, Plaintiffs allege that it is the owner of the Asserted Patents. Compl. Exs. A, B. Second, Nutramax sufficiently alleges that Body Wise infringed the Asserted Patents, as supported by declarations demonstrating that Body Wise sold its Joint Complete product on its website and through online retailers. *See* John W. Cox Declaration ("Cox Decl.") (Dkt. 21-3), Ex. 4. Nutramax also proffers a detailed substantive infringement analysis in support of its motion. Mot., Ex. A (Dkt. 21-2); *see also, generally*, Grace Cornblatt Declaration ("Cornblatt Decl.") (Dkt. 21-2). Third, Nutramax sent two separate notices to Body Wise regarding its infringement of the Asserted Patents on September 10, 2018 and October 4, 2018. Compl. ¶ 28. Lastly, in its prayer for relief, Nutramax demands permanent injunctive relief and damages for Body Wise's infringement of its patented products. *Id.* at 14–15.

Nutramax has pleaded facts sufficient to establish claims of direct infringement of the Asserted Patents. Accordingly, *Eitel* factors 2 and 3 weigh in favor of granting the default judgment against Body Wise as to the direct infringement claim.

### b. Indirect Patent Infringement

Nutramax alleges that Body Wise has indirectly infringed at least Claim 21 of the '697 Patent in violation of 35 U.S.C. § 271(b) by instructing, directing and/or requiring others, including customers, purchasers, users, and developers to perform some of the steps of the method claim under the doctrine of equivalents through the sales of its Joint Complete product. Compl. ¶ 45.

To establish liability under 35 U.S.C. § 271(b), a plaintiff must prove that once the alleged infringer knew of the patent, the infringer "actively and knowingly aided and abetted another's direct infringement." *DSU Med. Corp. v. JMS Co., Ltd.*, 471 F.3d 1293, 1305 (Fed. Cir. 2006) (quoting *Water Techs. Corp. v. Calco, Ltd.*, 850 F.2d 660, 668 (Fed. Cir. 1988)). The alleged infringer must be shown to have knowingly induced infringement and possessed the specific intent to encourage another's infringement. *See id.* at 1306. If

Case 8:18-cv-02076-DOC-KES Document 29 Filed 04/10/19 Page 6 of 12 Page ID #:272

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SA CV 18-2076-DOC (KESx)                                            Date: April 10, 2019
                                                                                                                           Page 6

an entity offers a product with the object of promoting its use to infringe through active steps "such as advertising an infringing use or instructing how to engage in an infringing use," this establishes the alleged infringer's affirmative intent to use the product to infringe existing patents. *Id.* at 1305.

Here, Nutramax has sufficiently alleged that Body Wise is liable for indirect infringement of Plaintiffs' Asserted Patents, at least under Claim 21 of the '697 Patent. Claim 21 of the '697 Patent provides: "A method of treating or repairing damage to connective tissue in humans and animals comprising administering a composition according to claim 1 to a human or animal in need thereof." Compl. ¶ 46; *see id.*, Ex. B (Dkt. 1-2) at 19. Plaintiffs sufficiently allege that Body Wise had the objective to promote Joint Complete to induce infringement under Claim 21 because Body Wise took active steps to advertise "an infringing use or instructing how to engage in an infringing use." *DSU Med. Corp.*, 471 F.3d at 1305. Body Wise allegedly advertised its product on the company website and Amazon, making claims that Joint Complete "helps keep joints comfortable and ready for action" and contains glucosamine and chondroitin, which are "nutritional building blocks for joints and connective tissue that also help lubricate and cushion joints," and "ASU—phytonutrients clinically proven to benefit joint health." Compl., Exs. C, D. Nutramax has sufficiently pleaded facts to state a claim for indirect infringement of Claim 21 of the '697 Patent. *Eitel* factors 2 and 3 weigh in favor of granting the default judgment against Body Wise as to the indirect infringement claims.

### 3. Sum of Money at Stake

The fourth *Eitel* factor balances "the amount of money at stake in relation to the seriousness of the [d]efendant's conduct." *Pepsico*, 238 F. Supp. 2d at 1176. This requires the court assess whether the recovery sought is proportional to the harm caused by defendant's conduct. *See Walters v. Statewide Concrete Barrier, Inc.*, No. C 04-2559 JSW, 2006 WL 2527776, *4 (N.D. Cal. Aug. 30, 2006) ("If the sum of money at issue is reasonably proportionate to the harm caused by the defendant's actions, then default judgment is warranted"). "Default judgment is disfavored where the sum of money at stake is too large or unreasonable in relation to defendant's conduct." *Vogel v. Rite Aid Corp.*, 992 F. Supp. 2d 998, 1012 (C.D. Cal. 2014). Under patent laws, a plaintiff may recover (1) damages to compensate for infringement; and (2) costs of the action, and in exceptional cases, attorneys' fees. 35 U.S.C. §§ 284–85.

Here, Nutramax requires an accounting of Body Wise's revenues and profits earned from the sale of its infringing Joint Complete products in order to determine the damages it seeks. Mot. at 12. Nutramax requests reasonable attorneys' fees in the amount of $20,144.50 and costs in the amount of $126.26. *See* Cox Decl. ¶¶ 12–15.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| | |
|---|---|
| Case No. SA CV 18-2076-DOC (KESx) | Date: April 10, 2019 |
| | Page 7 |

An approximation of awards Nutramax anticipates has been provided in email communications between the parties. In one email, Body Wise claims that Joint Complete made a gross sales of $556 through Amazon and generated approximately $100,000 in gross sales through channels other than Amazon. *See* Cox Decl., Ex. 4. Given the sum of money at stake balanced with the harm caused by defendant's conduct, the Court determines that the fourth *Eitel* factor weighs in favor of granting the default judgment.

### 4. Possibility of Dispute Concerning Material Facts

The fifth *Eitel* factor requires the Court to consider the possibility of dispute as to material facts in the case. Where a plaintiff's complaint is well-pleaded and the defendants make no effort to properly respond, the likelihood of disputed facts is very low. *See Landstar Ranger, Inc. v. Parth Enters., Inc.*, 725 F. Supp. 2d 916, 921 (C.D. Cal. 2010).

There is no indication from Defendant that there are material facts in dispute. Body Wise has made no effort to defend their actions by filing any answers or motions in response to Plaintiffs' complaint. Defendants also expressly refused to litigate through their nonappearance and lack of response to court hearings. "Upon entry of default, all well-pleaded facts in the complaint are taken as true, except those relating to damages." *Pepsico*, 238 F. Supp. 2d at 1177 (citing *TeleVideo Sys., Inc.*, 826 F.2d at 917–18). Accordingly, this factor weighs in favor of default judgment.

### 5. Possibility of Excusable Neglect

The sixth *Eitel* factor considers the possibility that a defendant's default resulted from excusable neglect. *Vogel*, 992 F. Supp. 2d at 1013; *see also Eitel*, 782 F.2d at 1471–72. Due process requires that interested parties be given notice of the pendency of the action and be afforded an opportunity to present their objections before a final judgment is rendered. *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950). While there is always a possibility that a defendant might appear and claim excusable neglect, where the defendants "were properly served with the Complaint, the notice of entry of default, as well as the papers in support of the instant motion," this factor favors entry of default judgment. *Shanghai Automation Instrument Co. Ltd. v. Kuei*, 194 F. Supp. 2d 995, 1005 (N.D. Cal. 2001).

Nutramax properly served Body Wise with a summons and complaint through personal service on its agent on November 29, 2018. Mot. at 4. Body Wise also affirmed receipt of the complaint in its email communication to Nutramax. *See* Cox Decl., Ex. 4. Moreover, Body Wise was served with Nutramax's Application to the Clerk for Entry of

Default, as well as the Clerk's Entry of Default. Mot. at 4–5; *see* Dkt. 16 and 17. However, Body Wise has neither answered nor responded to these requests. Defendant has simply avoided the case and has made no effort to defend this suit. Because the likelihood of excusable neglect is very low, this factor weighs in favor of default judgment.

### 6. Strong Policy Favoring Decision on the Merits

The seventh *Eitel* factor requires the Court to consider the strong judicial policy favoring decisions on the merits before granting default judgment. "Cases should be decided upon their merits whenever reasonably possible." *Eitel*, 782 F.2d at 1472. But the mere existence of Rule 55(b) "indicates that this preference, standing alone, is not dispositive." *Pepsico*, 238 F. Supp. 2d at 1177 (citation omitted). Rule 55(a) allows a court to decide a case before the merits are heard if defendant fails to appear and defend. *Id.* ("Defendant's failure to answer plaintiffs' complaint makes a decision on the merits impractical, if not impossible."). Since Defendant failed to respond to Plaintiffs' claims, the Court is not precluded from entering judgment against Defendants.

Taken together, the seven *Eitel* factors weigh in favor of granting default judgment against Defendant.

### C. Remedies

Having determined that entry of default judgment is proper, the Court turns to the remedies sought. "A default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Fed. R. Civ. P. 54(c). Once "[i]njury is established[,]… plaintiff need prove only that the compensation sought relates to the damages that naturally flow from the injuries pled." *See Philip Morris USA, Inc. v. Castworld Prods., Inc.*, 219 F.R.D. 494, 498 (C.D. Cal. 2003). While the Court is not required to issue findings of fact as to liability, it must do so as to damages. *Adriana Int'l Corp. v. Thoeren*, 913 F.2d 1406, 1414 (9th Cir. 1990). The court can consider "'declarations, calculations, and other documentation of damages in determining if the amount at stake if reasonable,'" when assessing whether "there is an adequate basis for the damages awarded in the default judgment." *Xerox Corp. v. American Mail Centers, Inc.*, 2016 WL 10834102, at *2 (C.D. Cal. Oct. 14, 2016) (quoted citation omitted).

In this Motion for default judgment, Nutramax seeks (1) damages, the amount of which must be determined pursuant to an accounting; (2) a permanent injunction; and (3) reasonable attorneys' fees and costs. Mot. at 12–13; 24–25.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SA CV 18-2076-DOC (KESx)                                                Date: April 10, 2019
                                                                                                              Page 9

### 1.      Damages

In order to determine the total damages owed, Nutramax requests an accounting of Body Wise's revenues and profits earned from the sale of its infringing product and the damages are based thereon. Mot. at 12. The closest approximation of damages that Defendant is allegedly liable for has been provided by Body Wise's CFO in its email communication to Nutramax. *See* Cox Decl., Ex. 4. Accordingly, the Court GRANTS the request for an accounting and directs Defendant to provide an accounting of the sales, revenues, and profits earned from the sale of its infringing products no later than May 9, 2019. Plaintiff shall have until June 10, 2019, to submit a brief to the Court regarding its request for monetary damages with respect to the claims in this action including any request for interest.

### 2.      Injunctive Relief

To be entitled to injunctive relief for patent infringement, a plaintiff must demonstrate: (1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction. *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006). "While the decision to grant or deny permanent injunctive relief is an act of equitable discretion by the district court, the traditional principles of equity demand a fair weighing of the factors listed above, taking into account the unique circumstances of each case." *La Quinta Worldwide LLC v. Q.R.T.M., S.A. de C.V.*, 762 F.3d 867, 880 (9th Cir. 2014).

#### a.      Irreparable Injury

First, Nutramax will suffer irreparable harm absent injunctive relief. "Price erosion, loss of goodwill, damage to reputation, and loss of business opportunities are all valid grounds for finding irreparable harm." *Celsis in Vitro, Inc. v. CellzDirect, Inc.*, 664 F.3d 922, 930 (Fed. Cir. 2012). According to Nutramax, Body Wise's infringement has resulted in a loss of business opportunities, because Body Wise is a direct competitor using the same channels in which Nutramax sells its products. Mot. at 18–19. This also affects the good will and reputation of Nutramax's goods. Moreover, "Body Wise's production and sale of infringing products directly affects Nutramax's right to exclude, which is fundamental to patent law." *Id.* (citing *Robert Bosch LLC v. Pylon Mfg. Corp.*, 659 F.3d 1142, 1149–51 (Fed. Cir. 2011)). The loss of market share and the impact on good will and

Case 8:18-cv-02076-DOC-KES   Document 29   Filed 04/10/19   Page 10 of 12   Page ID #:276

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SA CV 18-2076-DOC (KESx)                                      Date: April 10, 2019
                                                                       Page 10

reputation of Nutramax's goods accordingly weighs heavily in favor of a finding of irreparable injury.

### b.     Inadequate Remedies at Law

Second, absent injunctive relief, Nutramax has no viable remedy at law. In a permanent injunction analysis, the "inadequate remedy" factor overlaps with the "irreparable harm" factor so that they are practically "indistinguishable." *Metro-Goldwyn-Mayer Studios, Inc. v. Grokster*, 518 F. Supp. 2d 1197, 1219 (C.D. Cal. 2007). If there is a substantial possibility that the plaintiff will be unable to recover a monetary award from the defendant, the plaintiff lacks an adequate remedy at law. *Id.* at 1219–20. Likewise, no adequate remedy exists where the defendant is likely to continue infringing the plaintiff's rights absent an injunction. *See Sony Music Entm't Inc. v. Elias*, No. CV03–6387DT (RCX), 2004 WL 141959, at *4 (C.D. Cal. Jan. 20, 2004).

Nutramax alleges that it is highly unlikely Body Wise will be able to pay a monetary award. In an email message to Nutramax, the CFO of Body Wise stated that "[Body Wise] cannot afford legal counsel to weigh the merits of the Complaint or satisfy any monetary awards if the Complaint is pursued." *See* Cox Decl., Ex. 7 at 2. Because Nutramax is not assured of collecting on a money judgment, this factor further weighs in favor of an equitable remedy. Nevertheless, monetary damages would not completely compensate Nutramax because Nutramax has suffered harm that is difficult to quantify. *See Canon, Inc. v. GCC Int'l Ltd.*, 263 Fed. Appx. 57, 62 (Fed. Cir. 2008) (considering the improbability that the patentee could collect a money judgment as weighing in favor of an injunction). Therefore, this factor also weighs in favor of granting the injunction.

### c.     Balance of Hardships

Third, the balance of hardship also weighs in favor of a permanent injunction. The fact that an injunction might put an alleged infringer out of business 'cannot justify denial of that injunction.'" *Blackberry Ltd. v. Typo Prods. LLC*, 2014 WL 1318689, at *12 (N.D. Cal. Mar. 28, 2014) (quoting *Windsurfing Int'l Inc. v. AMF, Inc.*, 782 F.2d 995, 1003 n.12 (Fed. Cir. 1986). Applying these standards to the instant action, nothing is currently preventing Body Wise from infringing Nutramax's Asserted Patents in the future. This factor finds in favor of granting the permanent injunction.

### d.     Public Interest

Fourth, a permanent injunction would serve the public interest. "[T]he touchstone of the public interest factor is whether an injunction, both in scope and effect, strikes a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SA CV 18-2076-DOC (KESx)            Date: April 10, 2019
           Page 11

workable balance between protecting the patentee's rights and protecting the public from the injunction's adverse effects." *i4i Ltd. P'ship v. Microsoft Corp.*, 598 F.3d 831, 863 (Fed. Cir. 2010) *aff'd*, 564 U.S. 91 (2011). Granting a permanent injunction protects Plaintiff's "federally protected rights, which is in the public interest, and would have no adverse effect on the public." *Deckers Outdoor Corp. v. Ozwear Connection Pty Ltd.*, 2014 WL 4679001, at *13 (C.D. Cal. Sept. 18, 2014). Therefore, public interest favors injunctive relief.

Accordingly, the request for a permanent injunction is GRANTED. Body Wise is permanently enjoined from infringing on Nutramax's Asserted Patents.

### 3. Attorneys' Fees and Costs

Pursuant to 35 U.S.C. § 285, "[t]he court in exceptional [patent] cases may award reasonable attorney fees to the prevailing party." An exceptional case "is simply one that stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated." *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 134 S. Ct. 1749, 1756 (2014). "Criteria for declaring a case exceptional include willful infringement, bad faith, litigation misconduct, and unprofessional behavior.*" Special Happy, Ltd. v. Lincoln Imports, Ltd.*, 2011 WL 2650184, at *10 (C.D. Cal. July 6, 2011) (citing *nCube Corp. v. Sea Change Int'l, Inc.*, 436 F.3d 1317, 1319 (Fed. Cir. 2006)). However, "a finding of willful infringement does not mandate that damages be increased or that attorney[']s fees be awarded…." *Tate Access Floors, Inc. v. Maxcess Techs., Inc.*, 222 F.3d 958, 972 (Fed. Cir. 2000). District courts may exercise discretion to determine whether a case is exceptional, considering the totality of the circumstances. *Octane Fitness*, 134 S. Ct. at 1756.

In light of the allegations in the Complaint, Defendant's failure to defend this lawsuit, and the minimal motions filed and lack of any discovery at this stage, the Court exercises its discretion and awards $5,000.00 in attorneys' fees and costs.

### IV. Disposition

For the reasons set forth above, the Court GRANTS the Motion for Default Judgment. The Court ORDERS Defendant to provide an accounting of the sales, revenues, and profits earned from the sale of its infringing products **no later than May 9, 2019.** Plaintiff shall have **until June 10, 2019**, to submit a brief to the Court regarding its request for monetary damages with respect to the claims in this action including any request for

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| | |
|---|---|
| Case No. SA CV 18-2076-DOC (KESx) | Date: April 10, 2019 |
| | Page 12 |

interest. The Court GRANTS the requested permanent injunction. Body Wise is enjoined from infringing on the Asserted Patents. And the Court AWARDS $5,000 in attorneys' fees and costs.

    The clerk shall serve this minute order on the parties.

| | |
|---|---|
| MINUTES FORM 11<br>CIVIL-GEN | Initials of Deputy Clerk djl |